The Chancellor.
This is a bill for dower; and the bill charges, that the defendant is the only child and heir at law of Simon Swaine, her late husband, and that she has possession of the title deeds, and refuses to assign dower. The jurisdiction of the Court is not questioned by the defendant ; and that jurisdiction appears to be well established, in cases where no legal bar or impediment is raised to the title. The practice is to decree the dower to be set out by the master, as was done in the case of Goodenough v. Goodenough, (Dickens, 795.) or to grant a commission to assign dower, as was mentioned in Curtis v. Curtis, (2 Bro. 620.)
Though a widow's remedy for dpwer, is, law; yet where the title is admitted, but impediments are thrown in the way of her proceeding at law, this Court may assume jurisdiction, and give her relief for her dower.
In the case last mentioned, the subject was very fully discussed, and the cases touching the jurisdiction of the Court, reviewed by the Master of the Rolls. He admitted, that the widow’s remedy was, prima facie, at law, and the dower was a mere legal demand, but that on the allegation impediments thrown in the way of her proceeding at this Court can assume jurisdiction, and give her relief f°r her dower. To say, that the widow should have no damages when her dower was assigned to her in Chancery, was a proposition not supported by Lord Coke, in Co. Litt. f°r he was there speaking of the writ de dote assignanda, and not of a decree of a Court of Equity. On that *■ J writ from Chancery, there are no damages, because there is no deforcement of the widow. This Court has jurisdiction, and will relieve the widow as it relieves an infant. If she comes here for a discovery of the title deeds in the hands of the heir, she is to have her complete relief in this Court. If you deny her right to dower, the Master of the Rolls said, in the case cited, the question must be tried at law •, hut when the fact is ascertained, she shall have her relief in equity. The course of the Court has been to assign her dower, and, universally, to give her an account of the mesne profits, from the death of her husband.
The same question of jurisdiction was examined, in Mundy v. Mundy, (4 Bro. 295. 2 Vesey, jun. 122.) and the authority and settled practice of the Court, and the utility and conveniencé of that practice, clearly asserted, and ably vindicated, by Lord Loughborough. That was the case of a bill for dower, and for an account of the mesne profits from the death of the husband. There was a demurrer put in, on the ground, that the widow’s remedy was at law. The Chancellor asserted a concurrent jurisdiction, though there was no difficulty in the way at law, -and that writs of dower had almost gone out of practice, for there was intricacy and difficulty, and no costs in the remedy by writ, at law. If the legal title to dower was *489 controverted, it must be made out at law, but where there was no dispute of that kind, there was no need of sending the party to law.
An ante-nuptial agreement, by which the intended wife was to enjoy exclusively, property derived as the widow of her former husband, and which was not expressed to be in lien of dower, is no bar to a claim of dower in the lands of the seconds husband.
byAad<husfánd; riage, to hie out°any’ considevation, and kept secret marriage^ was ulent as against the wife’s claim io dower.
But the defendant has not interposed any demurrer in this case. She has submitted to this Court her objections to the right of the plaintiff, and they háve been discussed by counsel, as properly cognizable in this Court. I shall) therefore, proceed to the merits of the defence set up by the defendant-, who is the heir at law.
The marriage, seisin, and death of the husband, are admitted ; but it is objected :
1. That there was an ante-nuptial agreement made, on the day of the marriage, between the husband and wife, by which she was to enjoy exclusively, for her own benefit, some real and personal estate. She says) that the real estate consisted only of her right of dower as the widow of a former husband, in twelve acres of land, and that the personal estate is about 950 dollars, which she held as adthinistrairix of her former husband. There is nothing to gainsay her answer to the cross bill on this point; and this agreement was not stated to be in lieu of dower in the lands of her second husband, S. Swaine; and there is no colour for the suggestion, that this agreement formed any impediment to her present claim.
2. The deed from Swaine, to bis daughter, the defendant, dated the 14th of November, 1794, and on the day of the marriage, is also set up to show, that the husband was not seised of the premises, during the coverture. But by an . , i * . * , . order made during the progress of this cause, the testimony taken in the cause of Catharine and Simon Swaine, jun. against John Dunn, in which the validity of that deed Was 6 •- * , . , . i-i. i put m issue, is admitted to be read m this cause ; and upon that testimony, it has been already decided, (Perine v. Dunn, 3 Johns. Ch. Rep. 508.) that the deed was fraudulent and void, as against Dunn, a subsequent mortgagee. *490 As it was fraudulent in fact, and kept concealed, and possession never went along with it, and as it was given without consideration, the deed is equally to be adjudged fraudulent as against the plaintiff.
A conveyance of land by the husband during coverture, in trust for his wife, not intended or accepted in lieu of doiver, is no bar to her claim of dower on his death.
A release by bis Equity5 of executed by the tí,1 hér ci"imbof dower.
3. The conveyance by the husband, during coverture, of eleven acres of woodland, to John Dunn, in trust for the plaintiff, and which trust was afterwards executed by Dunn, is also set up by the defendant, as an equitable bar of the plaintiff’s right of dower. But it is sufficiently proved, that the deed to Dunn, in trust for the plaintiff, was given for advances made by her during coverture, to and for the use of her husband, and that those advances were actually made by her out of moneys belonging to her, as administratrix of her first husband, to an extent much beyond the value of eleven acres. This objection to this claim is equally destitute of any foundation. The conveyance of the eleven acres, even if voluntary, would have been no bar of dower, for it was never intended to be made or accepted upon any such condition, but it appears to have been made upon a fair and valuable consideration.
4. Another objection, which seemed to be much more relied on, was the release by S. Swaine, the husband, of his equity of redemption in the premises to John Dunn, after having mortgaged the same to him for 1,000 dollars. But (be answer to this objection is, that the plaintiff was no party to that release, and her right of dower in the equity of redemption could not, therefore, be affected by it. In the next place, it may be observed, that the release itself was without consideration, and was never accepted by Dunn, though he had it, for a few weeks, in his possession. It was a voluntary act of Swaine, without any consultation or contract with Dunn ; and the latter took it, not as an absolute and valid release, but rather as a trustee for Swaine, who was then languishing with disease. Dunn never acted under it, or treated it as a valid conveyance; but he proceeded, *491 ■after the death of Swaine, to foreclose his mortgage under the power contained in it; and in the bill filed by the defendant as heir, to redeem the mortgage, the release was not set up by Dunn, as a bar to the redemption. The defendant was, by the decree of this Court in the cause already referred to, allowed to redeem, and she has actually redeemed the land in which dower is now sought^ from the incumbrance of that mortgage. In every view of the'subject, this release is no obstacle to the claim of dower.
A feme covert? who has joined her husband in a mortgage of land of which he was seised? is, nevertheless, entitled to dower in the equity of redemption ; subject, however, to a rateable contribution, as dowress, for the redemption of the' mortgage
5. The only part of the defence, that has solidity in it, is the claim by the defendant, upon the plaintiff, to contribute proportionabiy, as dowress, to the redemption of the mortgage; and it appears to me, that her pretension here is well founded.
The plaintiff was a party to the mortgage to Dunn, and her claim to dower was only in the equity of redemption, or the interest which her husband had remaining in the land, after satisfaction of the mortgage. Her right of dower was subject to the mortgage ; and if the heir has been obliged to redeem the land, by paying that mortgage to which the plaintiff was a party, she ought, in justice and equity, to contribute her rateable proportion of the monies paid towards redeeming the mortgage. 1'lie redemption was for her benefit, so far as respected her dower. To ab low her the dower in the land without contribution, would be to give her the same right, that she would have been entitled to, if there had been no mortgage, or as if she had not duly joined in it. It would be to give her dower in the whole absolute interest and estate in the land, when she was entitled to dower only in a part of that interest and estate. In Palmer v. Danby, (Prec. in Ch. 137.) the Lord Keeper allowed a dowress to redeem a mortgage on land, which had descended to an infant, subject to incumbrances, by3 paying her proportion of the mortgage money, ,aod to hold.ever for the rest. By this case, I understand *492 her proportion of the debt was to be borne by her dower interest, and that she was to hold the land in the charac? ter of an assignee of the mortgage, 'until she was reimbursed as to the residue of the mortgage debt.
Andshe ís,aiso,entitled to an account of the mesne profits, oTthe1 de a th" of her husband; ■ypho is consifnJdied^elsed subject toathé tportgage.
In Banks v. Sutton, (2 P. Wm 700.) Sir Joseph Jekyll gave to the widow her dower, in the equity of redemption, of a mortgage in fee; and though the case has since been overruled, in respect to her title in such a case, yet if she be entitled, the terms of the decree were, no doubt, just, and ought to be regarded as authority. In that case, the Master of the Rolls decreed to her the arrears of her dower from the death of her husband; and she was to allow, or keep down, the one third of the interest of the mortgage imoney, unsatisfied at that time. The bill in that case was, to redeem the mortgage, given by the person from whom her husband derived title; and in her bill, she offered to pay, or keep down, the one third of the interest of the mortgage money, remaining unsatisfied.
This case refers to the death of the husband, as the time from which the amount, to which the widow is to contribute, is to be deduced ; and, as far as the husband had reduced the mortgage debt in his life time, that was doubtless so far a redemption for the benefit of the wife, as well as himself. She is only to contribute, to relieve the land of the incumbrances, to the extent in which it existed when the husband died,
j shall, therefore, decree, that the piaintiffis entitled to her ’ ’ ’ * dower in the ninety acres, and to an account of the mesne r Pr°fits: from the death of the husband. The husband, in t^js case ¡s f-0 be considered as having died seised of the 7 ec[uby °f redemption, or of the. real estate, subject to the mortgage 5 and in such'cases, it appears, by the cases already cited, and by that of Oliver v. Richardson, (9 Vesey, 222.) to be the settled course, to compute the.rents and profits from the husband’s death. But as the plaintiff has been and still is in possessiqn of a proportionate part qf *493 the dwelling house on the premises, the account of the mesne profits ought to be confined to the farm, exclusive of the dwelling house, and which ought not to enter into the computation. She will be entitled to one third part of these mesne profits, when ascertained, and to one third part of the dwelling house and land, after deducting her rateable contribution towards the redemption of the mortgage.
Where the heir has redeemed the land by paying off the mortgage. and the widow files her bill against him for her dower, the mode in xvhioh she is to contribute, is by paying, during her life, to the heir, the one third of the interest on the amount paid by the heir, from the time of such payment, or the value of such annuity, to be computed by a master.
The next question is, how is the plaintiff to contribute rateably to discharge the mortgage debt. If she was to pay one third of the debt and interest (exclusively of costs) paid by the defendant, together with interest on that one third, from the time "the defendant paid it, there could be no doubt that this would be to the defendant a satisfactory contribution. But the plaintiff has only a life interest in the dower, and payment of the entire one •third of that debt would be unjust. It would be making her pay for a life estate, equally as if it was an estate in fee. The more accurate rule would appear to be, that she should “keep down” one third of the interest of the mortgage debt, by paying, during her life, to the defendant, the interest of one third part of the aggregate amount of the principal and interest of the mortgage debt, paid by the defendant, to he computed from the date of such payment. But as it would be inconvenient and embarrassing to charge her with such an annuity, then let the value of such annuity from the plaintiff, (her age and health considered,) be ascertained by one of the masters of this Court, and be deducted from the amount of the rents and profits so coming to her; and if that value should exceed the the amount of the rents and profits so coming to her, that then, the residue of such value be deducted from the dower to be assigned to her, out of the house and land mentioned in the bill. The question is, if an estate in fee, in one equal third part of tjie premises, ought to pay the one equal third part of *494 the mortgage debt and interest, paid by the defendant, then what proportion ought the plaintiff’s life estate, in that one third part, to pay ? I apprehend the value of such an annuity, would be that result.
No costs allowed to either party.
decree.
I shall not charge the defendant with costs in this suit. The plaintiff claimed her dower, without offering or com senting to contribute to the discharge of the mortgage. Both parties have set up pretensions, that were not well founded, and it would be just, that each party should pay her own costs. At law, on a writ of right of dower, or on an assignment of dower, no costs are given, unless there be a deforcement, when the statute of Gloucester (which we have re-enacted) gave damages. But Lord Thurlow said, in Lucas v. Calcroft, (1 Bro. 134.) that in cases where there was an apportionment of dower by commissioners, and not by writ, costs were not given, unless the party was vexatious. And in Curtis v. Curtis, (ubi supra,) the Master of the Rolls held, that the widow had no costs, where the heir threw no difficulties in the way. The right to costs must rest here, as in almost all other cases in this Court, on sound discretion.
The following decree was entered: “ It is declared, that the plaintiff is entitled to her dower in the messuage, dwelling house and land, in the bill mentioned, being ninety and an half acres; and she is entitled also, to one third part of the mesne profits of the premises, accrued since the death of her husband ; and that her right is subject to a just and rateable contribution towards payment of the mortgage debt, in the pleadings mentioned. It is, thereupon, ordered, fyc. that it be referred to one of the masters of this Court, to take an account of the rents and profits, (exclusive of the dwelling house, of which a proportionate part has been occupied by the plaintiff,) accrued since the husband’s death, down to the date of the report, and which have been received by •the defendant, or by any other person by her order, or for *495 her use, or which might have been received with ordinary care and diligence, and one third part of what shall be coming on said account of rents and profits, is to be paid by the defendant to the plaintiff, under the proviso and subject to the deduction of the value, of the annuity herein after mentioned. That for the better taking the said account, the defendant is to produce before the master, upon oath, all deeds, writings, papers and books of account in her custody, or power, relating to the matters in question, and both parties are to be examined, as the master may direct; and the master is to make to both parties all just allowances: And it is further ordered, fyc., that the master ascertain the amount of principal and interest, (exclusive of costs,) due upon the mortgage, in the pleadings mentioned, and paid by the defendant, upon the redemption thereof, and the time when paid, and the amount of a year’s interest on the aggregate sum of one third part of such principal and interest so paid by the defendant; and what would be the value, in a gross sum, upon the calculation of life annuities, and duly considering the age and health of the plaintiff, of such yearly interest, payable yearly, from the time of such payment, during the life of the plaintiff; and that the amount of such value, in a gross sum, be deducted from the amount of the one third part of the rents and profits to be ascertained, as belonging to the plaintiff as aforesaid) and if such value should equal the amount of the one third part of the said rents and profits, that in such case the one be set off against the other. But if such value should exceed the one third part of the rents and profits, then the excess be by the master deducted from the amount or value of the dower to be assigned, and that so much of the premises, as such excess shall, in the judgment of the master, amount to, (the laud to be estimated according to its worth to the plaintiff," having a life estate therein,) be deducted from the one third part of the premises to be as *496 signed to the plaintiff: And it is further ordered, that the1 master assign to the plaintiff, by metes and bounds, her dower in the messuage or dwelling house, and ninety and an half acres of land aforesaid, after having deducted as aforesaid, from the quantity of land so to be assigned, as much as shall, in his judgment, be sufficient to satisfy the defendant what may remain due to her upon the value of the said annuity, after the one third of the rents and profits shall have been deducted as aforesaid : And it is further ordered, that no costs be recovered by either party, as against the other, and that the master be at liberty to apply for further directions, if necessary, upon the foot of this decree : And it is further ordered, that the defendant deliver possession to the plaintiff of the lands and tenements* and of the part of the dwelling house, and messuage, with its appurtenances, which shall be so set out and assigned to the plaintiff for her dower; and that the tenants, if any, on the premises so to be assigned, attorn to and pay their rents to the plaintiff.”