^White, J.
The only question in controversy arises between Daniel Baker, the plaintiff in error, and Ann Jane Fetters, as widow of Abraham Fetters, deceased, one of the defendants in error, in relation to the distribution, as between' them, of the pro-needs of the sale of certain real estate of her late husband, sold by his administrator for the payment of debts.
The only facts material to be noticed in determining the question, are the following:
The administrator filed his petition to obtain an order for the sale of the real estate in question, to which the widow and heirs, and Daniel Baker, who held two moi'tgages of different dates on the premises, and Smeadley Brothers who held a judgment lien, were all made defendants.
The first mortgage of Baker was executed by Abraham Fetters .alone, and was the first lien. In the execution of the second mortgage the husband and wife united; this constituted the third lien. The judgment intervened between the mortgages and was the ■second lien.
The widow, by answer, waived the assignment of dower by metes and bounds, and, under the statute, elected to take its value in money out of the proceeds of the sale of the property.
On distribution, after payment of the costs, and the amounts of ■.the several liens referred to, from the proceeds of the sale, there was *544 remaining twenty-five dollars and seventeen cents of a surplus.. This the probate court, in which the proceeding was instituted,, ordered to be paid to the widow.
The court of common pleas, on appeal, changed the order of distribution, and directed one hundred and ten dollars of the proceeds-of sale to be paid to the widow, instead of twenty-five dollars and. seventeen cents; thus leaving the second mortgage of Baker, in the-q^iecution of which the widow had joined, unsatisfied to the extent, of eighty-four dollars and eighty-three cents.
The loss of the whole sum that was appropriated to the widow, above the twenty-five dollars and seventeen cents, fell exclusively upon the second mortgage; for, after deducting the full value of her dower in the whole estate from the proceeds of the sale, the-same as if the second mortgage had *not been given, the remaining proceeds were more than sufficient to pay off the debt of' the first mortgage and the judgment.
In no view, therefore, could any lien-holder derive any benefit from her dower except her own mortgagee. And the real question here is, whether she can compel her mortgagee to surrender any part of her dower interest pledged by the mortgage, without per-^ forming the condition on which the pledge was made.
It is to be observed that the case presents no question between the widow and the owner of the equity of redemption who has redeemed in fact, or who is to be regarded as having done so by equitable construction. No question of contribution between coredemptioners arises; for there has been no redemption. It is tch questions of this nature that the cases of Bell v. The Mayor of New York (10 Paige Ch. 49); Russell v. Austin (1 Paige Ch. 192) ; Swaine v. Perrine (5 Johns. Ch. 491), cited and relied upon on. "behalf of the widow, have reference.
Nor do the authorities cited to show that the widow is entitled' to dower in the surplus, have any application; for, nothing is-claimed against her beyond the j)ayment of the mortgage debt.
The plaintiff in eiTor stands before the court simply as mortgagee, insisting that before Mrs. Fetters, one of the mortgagors, shall be allowed to reclaim any part of the mortgaged security, she shall be-required to perform the condition of the mortgage.
If she had joined her husband in the execution of an absolute deed containing the same terms as the mortgage in question, with f he exception of the condition of defeasance, it could not be claimed» *545 that she would not thereby have released her dower interest in the entire estate, notwithstanding the existence of the prior incumbrances. A like effect is produced by the mortgage having become absolute, subject, however, to the equitable right of defeating the release by performing the condition. See McArthur v. Franklin, 15 Ohio St. 506; same case, decided at the last term†; 1
*Scribner on Dower, chaps. 23, 24, sec. 40; Hinchman v. Stiles et al., 1 Stockt. Ch. 363.
The decision of the court of common pleas rests upon the theory that Mrs. Fetters, in joining with her husband in tbe execution of the mortgage, released only so much of her inchoate right of dower as bears the same proportion to tbe value of the whole as tbe amount of the mortgage debt bears to the value of the whole property free of dower. To this view we can not assent. Her release was conditional; but its effect, in other respects, was the same as if tbe deed had been, absolute.
For tbe purposes of tbe mortgage, that is, for the purpose of securing the payment of the mortgage debt, all her dower right and interest in the property was vested in the mortgagee.
The judgment of the common jileas will be modified accordingly.
Scott, C. J., and Rat, Welch, and Brinkerhoee, J.J., concurred.

Ante, 193.