HANNAH EVERSON, Respondent, *v.* ANDREW McMULLEN, Appellant.

A purchaser of mortgaged premises, while technically he takes the fee, acquires simply the equity of redemption, and payment by him of the mortgage is a purchase of the interest carved out by the mortgage as a lien, and in equity he holds the fee under the mortgagee as to that interest, and under his grantor as to the equity of redemption.

Where, therefore, the purchaser of the equity of redemption, who is under no personal liability to pay the mortgage debt, pays it in aid of his own title, or procures its discharge by giving his own mortgage upon the premises in lieu thereof, as against the widow of his grantor who joined with her husband in the mortgage, but not in the deed, said grantee is entitled to the protection of the mortgagee's right as against the dower which is covered and charged by the mortgage. The purchaser takes his land charged as surety for the mortgage debt, and having paid it, has the right, as against the mortgagors, to be subrogated to the position of the mortgagee and to stand in equity as the purchaser and holder of his security, and the widow seeking to enforce in equity her right of dower, is bound to allow her due proportion of the mortgage debt.

*Bartlett* v. *Musliner* (28 Hun, 235); *Runyan* v. *Stewart* (12 Barb. 537); *Wedge* v. *Moore* (6 Cush. 8) distinguished.
*Everson* v. *McMullen* (45 Hun, 578) reversed.

(Argued March 20, 1889; decided April 16, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made September 13, 1887, which affirmed a final judgment in favor of plaintiff, entered upon a decision of the court confirming the report of a referee, and also modified and affirmed as modified, an interlocutory judgment.

This action was brought by plaintiff, as the widow of Morgan Everson, to recover dower in certain premises.

On the trial the court held that plaintiff's dower interest should be charged with its just proportion of a mortgage in which she joined with her husband, which is set forth in the opinion, and an interlocutory judgment was entered accordingly, referring it to a referee to admeasure the dower. The General Term, on appeal from the interlocutory judgment modified it, adjudging that the mortgage was not to be considered in the admeasurement.

The material facts are stated in the opinion.

*Howard Chipp* for appellant. When a wife has joined with her husband in the execution of a mortgage upon land, and the land has been conveyed to other parties, subject to the mortgage, and the husband dies leaving the mortgage unpaid, the wife can only be endowed in the equity of redemption after contributing her ratable proportion to the payment of the mortgage debt. (*Swaine* v. *Perrine*, 5 Johns. Ch. 482–491; *Evertson* v. *Tappen*, Id. 497–513; *Bell* v. *Mayor*, etc., 10 Paige, 49; *Russell* v. *Austin*, 1 id. 192; 4 Kent's Com. m. p. 46.) This doctrine is founded upon the equitable principle that the mortgage debt is superior to the claim for dower, and the debt must first be paid before the dower can attach. (1 Jones on Mort. [3d ed.] § 866.) By executing the mortgage she postpones her dower to the payment of the debt, and the courts hold, as matter of equity and good conscience, that

she should contribute her ratable proportion to the payment of the debt before being allowed her dower, even though the mortgage instrument may have in some way changed its ownership or form, or even, technically, may have ceased to exist. (*Swaine* v. *Perrine*, 5 Johns. Ch. 482–491; *Evertson* v. *Tappen*, id. 497; *Popkin* v. *Bumpstead*, 8 Mass. 491; *Hinds* v. *Ballou*, 44 N. H. 619; *Brown* v. *Lapham*, 3 Cush. 551; *Burns* v. *Thayer*, 101 Mass. 426; *Howell* v. *Bush*, 54 Miss. 437; *Jones* v. *Parker*, 51 Wis. 218; *Gibson* v. *Crehore*, 6 Pick. 475; *Toomey* v. *McLean*, 105 Mass. 122; *Van Duyne* v. *Thayer*, 19 Wend. 162, 171; 4 Kent's Com. m. p. 45; *De Lisle* v. *Herbs*, 25 Hun, 485–487; *Russell* v. *Austin*, 1 Paige, 192; *Champney* v. *Coope*, 32 N. Y. 543; *Kellogg* v. *Ames*, 41 id. 259.) The question for the court to decide is, not whether the mortgage instrument technically exists, but whether the debt secured by the mortgage does not equitably exist so as to compel contribution by the plaintiff. (*Swift* v. *Kranmer*, 13 Cal. 526; *Dillon* v. *Byrne*, 5 id. 455; *Kittle* v. *Van Dyck*, 1 Sandf. Ch. 76; *Barnes* v. *Mott*, 64 N. Y. 397; *Gaus* v. *Thieme*, 93 id. 225–232; *Em. Ind. Bk.* v. *Clute*, 33 Hun, 82.) The relation of surety need not exist to entitle one to subrogation. (*Gaus* v. *Thieme*, 93 N. Y. 232; *Murray* v. *Marshall*, 94 id. 611.) Even if defendant's acts should be deemed a payment, if he were a mere volunteer and stranger to the contract, such payment, without the direction or authority of the mortgagor or his representative, would not amount to a satisfaction of the debt so as to be available to the mortgagor or any party claiming under him. (*Cloer* v. *Borst*, 6 Johns. 36; *Bleakley* v. *White*, 4 Paige, 654; *Atlantic Dock Co.* v. *Mayor, etc.*, 53 N. Y. 67.) Although not personally liable for the mortgage debt, plaintiff ordinarily would be compelled to contribute ratably to its payment before allowance of her dower, and if she elects to consider defendant's acts as payment and satisfaction, then she is under an obligation, which equity will enforce, to indemnify by contributing to the debt. (*Wellington* v. *Kelly*, 84 N. Y. 543–547.)

*G. D. B. Hasbrouck* for respondent. Notwithstanding the fact that the plaintiff joined her husband in the execution of the $12,000 mortgage, the release and discharge thereof, as against the premises described in the complaint, restored completely her right to dower therein. (*Maloney* v. *Horan*, 49 N. Y. 118, 119; *Hinchcliffe* v. *Shea*, 103 id. 155; *Robinson* v. *Bates*, Metcalf, 40; *Kitzmiller* v. *Van Renslaer*, 10 Ohio St. 63; *Littlefield* v. *Crocker*, 30 Me. 92; Scribner on Dower, chap. 12, 349; 2 id. 250.) There was no mistake of fact, and consequently no equitable redress for the defendant. (*Weed* v. *Weed*, 94 N. Y. 243; *Shotwell* v. *Murray*, 1 Johns. Ch. 316; Potter's Willard's Eq. Jur. 96.) Where the mortgage had been released, satisfied or discharged by the alienee of the husband, even though his wife had joined in the deed, or it had been made and executed prior to his marriage, it cannot, by the grantee, be afterwards set up against the claim of the wife for dower. (*Bartlett* v. *Musliner*, 28 Hun, 235; *Runyan* v. *Stewart*, 12 Barb. 537; *Hitchcock* v. *Harrington*, 6 Johns. 290; *Collins* v. *Torry*, 7 id. 278; *Coates* v. *Cheever*, 1 Cow. 479; *Jackson* v. *De Witt*, 6 id. 316; *Wedge* v. *Moore*, 6 Cush. 8; *Trustees* v. *Wheeler*, 61 N. Y. 118; 1 Wash. on Real. Prop. 227; 2 Scribner on Dower, 250; *Platt* v. *Brick*, 35 Hun, 127; *Everson* v. *McMullen*, 42 id. 369.) The action for dower is a legal action. (31 Hun, 82, 461; *Swaine* v. *Perrine*, 5 Johns. Ch. 487; *Smith* v. *Gardner*, 42 Barb. 356.) The wife's deed or mortgage of her husband's lands cannot stand independently of the deed of her husband, when not executed in aid thereof, nor can she by joining with her husband in a deed of lands to a stranger, in which she has a contingent right of dower, but in which the husband has no present interest, bar her contingent right. (*Marvin* v. *Smith*, 46 N. Y. 571.) The claim to be subrogated is an equitable one, and ought to be permitted only where its exercise results in justice. When there is an intervening equity, the right to subrogation will be denied. (*Hyde* v. *Tanner*, 1 Barb. 76; *Runyan* v. *Stewart*, 12 id. 537; *Bayles* v. *Husted*, 40 Hun, 396; *Spencer* v. *Spencer*, 95 N. Y. 353; *Murray* v. *Marshall*, 94 id. 611; Thomas on

Mort. 204; *Bank of Albion* v. *Burns*, 46 N. Y. 479; *Smith* v. *Townsend*, 25 id. 479; *Fitch* v. *Cotteral*, 2 Sand. Ch. 29; 1 Hilliard on Mort. 546.) Where the mortgage has been permitted to be set up as against the widow's claim for dower, it has been in life with the mortgagee holding under it. (*Bartlett* v. *Musliner*, 28 Hun, 235; *Jackson* v. *De Witt*, 6 Cow. 316; *Denton* v. *Naimy*, 8 Barb. 618; *Delisle* v. *Herb*, 25 Hun, 485.) A defendant claiming under the husband, by a conveyance subsequent to coverture, stands absolutely estopped, to deny the paramount right of the widow, to claim that he paid the money which went to discharge a mortgage, which he was never under obligation to pay. He was a volunteer, and, as such, not entitled to relief. (*Pearce* v. *Bryant Coal Co.*, 11 West. Rep. 379; Sheldon on Subrogation, § 3; *Gadesden* v. *Brown*, Speers Eq. [S. C.] 41; *Sandford* v. *McLean*, 3 Paige, 117; *Banta* v. *De Garmo*, 1 Sandf. Ch. 384; *Wilkes* v. *Harper*, 1 N. Y. 586; *Douglass* v. *Fogg*, 8 Leigh, 588; *Huigh* v. *Etna L. Ins. Co.*, 57 Ill. 318; *Small* v. *Stagg*, 95 id. 39.) If the land of the wife is mortgaged for the husband's debt, a subsequent judgment-creditor of the husband cannot claim that the mortgagee shall proceed first upon the property of the wife, nor can he claim to be subrogated to the mortgagor's security against the wife, because the equity of the latter is superior to that of the husband. (Bispham's Principles of Equity, § 342; *Warner* v. *Van Alstyle*, 3 Paige, 513, 515; Willard's Eq. Jur. [Potter's ed.] 569; *Everson* v. *McMullen*, 42 Hun, 369.)

FINCH J. We are required to settle on this appeal the disagreement between the trial court at the first hearing and the General Term, and determine which decision was correct.

The property in question was owned originally by Morgan Everson who mortgaged it to the Rondout Savings Bank for $12,000; his wife, who is the present plaintiff, joining with him in the mortgage to cover her inchoate right of dower. Everson died soon thereafter, and his executor

sold the equity of redemption at public auction for one
dollar. The case does not disclose the authority upon which
he acted, but nobody disputes it, and the action was tried upon
the assumption that a valid title existed in the purchaser.
That purchaser was Coykendall, who assigned his bid to Pres-
ton, to whom the executor's deed was made. Preston took
title before August, 1877, and thereupon gave a new
mortgage to the savings bank upon the property for $2,000
to further secure an accumulation of interest upon the
original mortgage. It appears that Preston gave a bond
accompanying the mortgage, and so became personally liable
for a possible deficiency, and the bank gained that additional
security for its unpaid interest; but while it is said generally
that the mortgage was given to pay the interest, it is not shown
that the mortgagee accepted the new securities as a payment
*pro tanto* upon the original incumbrance by any indorsement
or equivalent action, or held them in any other way than as
collateral to the original debt. In August, 1877, Preston
and his wife conveyed to Crosby by a quit-claim deed, but
containing a provision by which the latter assumed and agreed
to pay the $2,000 mortgage given by Preston to the bank
as a part of the consideration for the purchase. The consider-
ation named in the deed was $221. Preston did not on his pur-
chase assume or become liable to pay any part of the original
mortgage, but took title merely subject to its lien. When he
gave his $2,000 bond and mortgage it was in aid of his own title,
and not in pursuance of any duty due to the representatives of
the mortgagor. Probably his obligation was merely collateral
to the primary lien, and so both he and his land became sureties
for the unpaid interest; but if not, and the new mortgage was
a payment of so much of the old debt, it was entirely voluntary,
and he, and Crosby who took his place, stood in the attitude of
sureties after paying the unpaid interest, entitling them to sub-
rogation as against the land. Crosby thereafter conveyed a
portion of the property to McMullen by a warranty deed, free
and clear of all incumbrance. He was enabled to do this by an
arrangement at the time to which his grantee and the bank

were parties.   The substantial point of that arrangement was·
a distribution of the original mortgage in agreed proportions·
between the two parcels into which, by McMullen's purchase,
the land was to be divided.   To effect this separation and
severance of the lien McMullen gave the bank a mortgage on
his parcel for $5,500 as a substitute for $4,000 of the principal
of the original mortgage, and of the unpaid interest collater--
ally secured by the bond and mortgage of Preston, $500·
of the interest having been paid in cash by Crosby.   The·
bank on its part formally released McMullen's parcel from
the lien of its original mortgage, indorsing thereon a payment·
of $4,000, and canceled and discharged the $2,000 mortgage of
Preston, and Crosby was thus enabled to make his conveyance
free from incumbrance.

On this state of facts the widow demanded dower in
McMullen's parcel.   The Special Term, on the first trial, held
that she was bound to allow as against her dower a just pro-
portion of the original mortgage and its interest, and sent the
case to a referee to ascertain that just proportion, with a
direction that the McMullen mortgage should be recognized
and allowed in ascertaining the amount of such indebtedness.
The General Term, on the contrary, were of opinion that the
widow was not bound to contribute, and should have dower in
the whole parcel without allowance or diminution; and it is
that controversy which awaits our judgment.   It is not
doubtful on which side the equity exists.   The widow sub-
ordinated her dower to the payment of the husband's debt.
Whoever, in the room of a foreclosure by the mortgagee,
pays that debt to him when under no personal liability for its
discharge, is entitled in equity to the protection of the
mortgagee's right as against the dower which it covered and
charged.   The purchaser from the husband acquired only
the equity of redemption.   While, technically, he took the fee,
in truth he took it subject to the interest of the mortgagee
carved out of it by the mortgage as a lien.   Payment to the
mortgagee in an equitable sense, is a purchase of that interest
from him, and in equity the owner of the fee holds it under

the mortgagee as to that interest, and under the husband only as to the equity of redemption. That is an answer to the doctrine invoked by the respondent that a release of dower is available only to one who claims under the very title which was created by the conveyance with which the release is joined. (*Malloney* v. *Horan*, 49 N. Y. 118.) That would be a good answer to the appellant's claim in a court of law, possibly, but does not govern his case in equity, since there the truth of his holding, outside of the legal form, is under the mortgage to the extent of the mortgage debt. For his payment of that debt is not a duty which he owes to the husband's estate or to any one, but a transaction in his own interest, the exact and obvious purpose of which is to add the right of the mortgagee to the right bought of the husband. The widow is left where her own voluntary act placed her. By joining in the mortgage she postponed her dower to the equity of redemption. She has that right still, and seeks to enlarge it because of a payment made not by her husband, or in performance of a duty due to him or those representing him, but by one acting wholly in his own interest and seeking to add to that as acquired from the husband the further right held by the mortgagee. The purchaser in the present case took his land charged as surety for the husband's debt. While he, personally, was not bound to pay it, his land was held, and paying the debt of husband and wife, as represented by the mortgage, he had a right, as against them, to be subrogated to the position of the mortgagee and to stand in equity as the purchaser and holder of his security.

Thus far I have assumed that the giving of the new mortgage operated as a payment, *pro tanto*, of that held by the bank. That is a needless concession, because the finding in this case rebuts any intention of payment, and establishes that a severance of the original lien was all that was contemplated by the parties, and the giving of the new mortgage was meant, in its practical effect, to serve as a transfer of so much of the original lien to the severed parcel. Equity may look through the form of the transaction to ascertain its substance, and so looking

cannot fail to see that the new mortgage is so much of the old one in a changed form, but secures the old debt as did its predecessors. The finding is justified by the facts, and upon that basis the dower remains subject to the proportionate part of the original lien.

I think these views are fully sustained by the authorities. In *Swaine* v. *Perrine* (5 Johns. Ch. 491), the mortgage given by the husband and wife was outstanding at his death; the equity of redemption passed to the heir who redeemed the land by paying the mortgage, and the widow who claimed dower was required to contribute her ratable proportion of the redemption money. In *Popkin* v. *Bumstead* (8 Mass. 491), the husband and wife joined in a mortgage to one Capen, and after the death of the husband his administrator, under the order of the probate court, sold the equity of redemption to Wheelock, who conveyed it to Bumstead. The latter paid off the mortgage and it was discharged of record. The widow thereupon demanded her dower, but the court held she was barred. This case, which is very like the one at bar, was cited in *Van Dyne* v. *Sayre* (19 Wend. 171), with apparent approval. Judge COWEN reviews many of the cases and holds that *Collins* v. *Torry* (7 Johns. 278), and *Coates* v. *Cheever* (1 Cow. 475), were decided without full consideration. Near the close of his opinion he says: "My deduction from this and other cases, I state in the words of Chancellor KENT (4 Comm. 45 [3d ed.]), the wife's dower in the equity of redemption only applies in case of redemption of the incumbrance by the husband or his representatives, and not when the equity of redemption is released to the mortgagee *or conveyed*." I am not aware that the authority of that case has been overthrown.

The cases cited in behalf of the widow confirm rather than question the views we have expressed. In *Bartlett* v. *Musliner* (28 Hun, 235) the purchaser had assumed and agreed to pay the mortgage debt as a condition of his purchase, and, having come under that obligation, might be deemed to have paid in behalf of the husband or his estate. The distinction is referred to in Jones on Mortgages (vol. 1, § 866), where it is

:said that, if the mortgage " be redeemed by the heir or pur-
.chaser, or by any one interested in the estate *who is not bound
.to pay the debt*, to avail herself of this right she must con-
tribute her proportion of the charge according to the value of
her interest." In *Runyan* v. *Stewart* (12 Barb. 537) the action
was at law, and, while a majority of the court sustained the
.claim of dower, it was explicitly said that the result would be
.different in equity. In that case Runyan and his wife gave a
.mortgage, and thereafter the husband gave a conveyance to
Baker, who assumed the payment of the mortgage. The court
question the case of *Popkin* v. *Bumstead* (*supra*), but add
that, in equity, Baker might be subrogated and have a decree
for contribution. No reference was made to the assumption
.of the mortgage by Baker. In *Jackson* v. *Dewitt* (6 Cow.
.316) there was a release to the mortgagee and dower was denied.
In *Wedge* v. *Moore* (6 Cush. 8) the whole argument is founded
upon an assumption of the mortgage debt by the purchaser,
which is argued out from the facts. In *Platt* v. *Brick* (35
Hun, 127) the action was by the purchaser of the equity of
redemption, who was not bound to pay the mortgage debt,
to compel the mortgagee to assign his mortgage for the pro-
tection of the purchaser's title against dower, its amount having
been tendered. The court held that the assignment could be
.compelled; that there was a right of subrogation; that the
assignment would not work a merger, and the mortgage could
be interposed against the claim of dower. Of course, the
technical or formal assignment is material only as showing a
transfer rather than a payment, and where no payment was
intended or made, but the mortgage debt subsisted in the new
mortgage given, the result must be the same.

On the whole, I am satisfied that where the purchaser of
the equity of redemption is not bound to pay the mortgage
debt, but does, in fact, pay it in aid of his own title and estate,
whereby it is discharged, the claim of dower is subject to a
just contribution. And the case is stronger where, as here,
the technical payment consists in the substitution of a new
mortgage intended to operate as and take the place of so much

of the old one. The debt to which the dower was subordin-
ated is changed in form, but, in fact, remains, and the dis-
charged security may be revived when equity so requires.
(*Gans* v. *Thieme*, 93 N. Y. 225.)

The judgment of the General Term and of the Special
Term should be reversed and a new trial granted, costs to
abide event.

All concur.

Judgment reversed.