·(64 App. Div. 128.)

McMAHON v. SPECHT.

(Supreme Court, Appellate Division, Fourth Department. July 23, 1901.)

1. FRAUDULENT CONVEYANCE—HUSBAND AND WIFE—MORTGAGE—DOWER.
   Where a conveyance of a husband's land by husband and wife was set aside as in fraud of creditors, the wife's right to dower therein was subject to a ratable contribution towards the payment of a mortgage on the premises executed by the grantee.
2. SAME. •
   It was immaterial, as affecting such right by the mortgagee, that the wife was not a party to the action to set aside the conveyance.

Appeal from Niagara county court.

Action by Margaret McMahon against Frank Specht for dower in certain lands. From a judgment giving her dower subject to a ratable contribution towards the payment of a mortgage on the premises, she appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

William H. Vicary, for appellant. ·
E. C. Hart, for respondent.

SPRING, J. This is an action for the admeasurement of dower, brought by the plaintiff, July 7, 1897, as the widow of Thomas McMahon, deceased. The husband owned the premises in question February 6, 1893, and on that day conveyed them to his daughter Mary by deeds of conveyance, in which his wife, the plaintiff, joined. ·On December 8, 1893, the grantee executed a mortgage to Myron L. Burrell, as executor, to secure the payment of $1,200, but only $800 were advanced to the mortgagor. Judgments were recovered against Thomas McMahon, and proceedings supplemental to execution instituted, and an action was commenced to set aside the convey-·ances as fraudulent and void, which resulted in favor of the judgment creditors, and judgment was entered declaring the conveyances ·were made to hinder, delay, and defraud the creditors of McMahon.

The plaintiff was not made a party to this action. Burrell, the mortgagee, and the mortgagor were made parties defendant, and Burrell answered, asserting the validity of his mortgage. The judgment sustained the mortgage, and the receiver was directed to sell the lands, and out of the proceeds to pay the costs and expenses and the amount unpaid on the mortgage, and then the judgments of the plaintiffs who attacked the conveyances. The county court held that the plaintiff, while entitled to the assignment of her dower in the land in controversy, took subject to a ratable contribution towards the payment of the mortgage.

As the case is presented to us, the only point to determine is whether the Burrell mortgage was a lien superior to any interest the plaintiff may have had in the premises. The mortgage was executed by Mary McMahon, whose only title was acquired from the plaintiff and her husband. Certainly they are estopped from impeaching any conveyance or incumbrance their grantees made. The judgment declaring the deed of McMahon and his wife void as in fraud of creditors vacated it only for the purpose of enabling the judgment creditors, who had successfully assailed it, to enforce their liens. For all other purposes the conveyance continues in force. Knapp v. Crane, 14 App. Div. 120, 43 N. Y. Supp. 513; Moseley v. Moseley, 15 N. Y. 334.

Every one necessary to sustain the validity of the Burrell mortgage was a party to the action to set aside the conveyance. The plaintiff was not a necessary party to that action, as she had parted with her interest, any more than as if the deed had been to foreclose the mortgage. Instead of decreeing a sale subject to the Burrell mortgage, the judgment directed its payment from the proceeds of the sale, which is tantamount to it. The defendant, the purchaser, who has paid the mortgage pursuant to the judgment of the court, is subrogated to the rights of the mortgagee. Everson v. McMullen, 113 N. Y. 293, 21 N. E. 52, 4 L. R. A. 118, 10 Am. St. Rep. 445.

It appears that on June 16, 1894, Mary McMahon conveyed the premises to one Jane Moloney. If this grantee acquired title in good faith, the inchoate dower right of the plaintiff became vested in her, and plaintiff would not be entitled to participate at all in the avails of the sale pursuant to the judgment. Jane Moloney was not a party to either action, and there has been no appeal by the defendant, and we are not called upon, therefore, to pass upon the effect of this conveyance. The interlocutory judgment should be affirmed, with costs and disbursements to the respondent.

The interlocutory judgment is affirmed, with costs and disbursements to the respondent. All concur.