[Hughes v. Howell, et al.]

# Hughes *v.* Howell, *et al.*

*Bill to Enforce Collection of Amount Due Complainant's Estate From Respondent's Estate, and to Subject Land to the Payment Thereof.*

(Decided June 6, 1907.   44 South. 410.)

1. *Pleading; Amendment; Departure.*—Where the original bill alleged that G. H. died leaving certain lands and personal property, and that the personal property was insufficient to pay the debts of the estate; that an order of the sale of the land was granted, but was not made because to have done so would have been to sacrifice the land; that money was borrowed to pay the debts on the endorsement of T. H. and said money was used for the payment of debts due from the estate of G. H.; that on account of the endorsement by T. H.. his administrator had had to pay the notes out of the assets of the estate and a decree was asked for a sale of the lands of the estate of G. H. to reimburse the estate of T. H., and the amended bill alleged substantially the same facts as to the indebtedness of the estate of G. H. to the estate of. T. H., with the additional allegation that G. H. became a surety on the official bond of the administrator of one Kirk, and that a decree was obtained against the administrator of the estate and his sureties on his bond and that the note on which T. H. became the endorser was executed to obtain money to pay the same and seeking to be subrogated to the rights of the parties obtaining said decree against the administrator and his sureties, which decree was paid by T. H., such amendment did not constitute a departure from the original bill; the purpose of both being to enforce the collection of the debt due from estate of G. H. to estate of T. H., the subrogation being but an incident to the collection of the debt.

2. *Subrogation; Payment of Decree.*—Where one has an interest in property upon which a decree is a lien, and advances the money to pay the same, such one becomes an equitable assignee of the lien and is subrogated to all of the rights thereunder.

3. *Limitation of Actions; Decree.*—Where one satisfies a decree which was a lien on the land of the person against whom it was rendered, such person satisfying the decree may file a bill to be subrogated to the lien under the decree, and to subject the land to the payment thereof any time within twenty years of the rendition of the decree, under section 2794, subd. 3, Code 1896.

4. *Equity; Laches.*—The right to subrogation under a decree which is a lien on land by one paying off the decree and seeking to subject the land to the payment thereof is not barred by laches if attempted within twenty years after the rendition of the decree.

APPEAL from Cherokee Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by B. I. Hughes, as administrator of the estate of T. F. Howell, deceased, against H. C. Howell and others. From a decree for defendants, complainant appeals. Reversed and remanded.

The original bill in this cause was filed by B. I. Hughes, as administrator of the estate of T. F. Howell, and the heirs of T. F. Howell joined with him as parties complainant. The executors and the heirs at law of George Howell, deceased, are made parties defendant. The allegations of the original bill are that George Howell died in Cherokee county about the year 1878, leaving a last will and testament in which the parties defendant as executors were named as executors of his estate; that he left about 600 acres of land and some personal property; that in 1879 the executors were appointed and qualified; that in 1885 the executors filed an application to the probate court, setting forth the debts due by the estate, the amount of personal property of the estate, and that the personal property was wholly insufficient to pay the debts of the estate, and praying for an order for a sale of the lands to pay the debt. A copy of the petition, proof, and the order decreeing the sale are exhibits of the bill. It is then alleged that to have sold the lands at that particular time would have been to sacrifice the assets of the estate, and that the executors applied to a certain named bank and procured the sum of $6,071, with which to pay off the debts of the estate and prevent a sale of the land; that the executors in their official capacity executed the note, but before they could negotiate it they had to procure security and indorsement, and that T. F. Howell became the indorser on the note. It is alleged that the money was used to pay off the debts of the estate; that the lands were never sold under the order of the sale, and that the executors left the state; that they are

wholly insolvent; that they never paid or offered to pay
the notes; and that the administrator of T. F. Howell
had to pay said notes, and did pay the same out of the
assets of the estate of T. F. Howell, deceased, by and on
account of his indorsement of said note. The bill seeks
to sell the land and apply the proceeds, first, to the pay-
ment of the debts of the estate of George Howell, and, if
any over, for distribution.

The amended bill is in the name of Hughes as admin-
istrator as the sole party complainant, and the same par-
ties defendant are named in the amended bill. Sub-
stantially the same facts as to dates and as to the in-
debtedness of the executors of George Howell to the
estate of T. F. Howell are made, and it is further al-
leged that the settlement of George Howell's estate has
never been made, but that the administration is still
pending in the probate court of Cherokee county. It is
further alleged that in December, 1871, George Howell
became one of the securities on the official bond of one
Moy as the administrator of the estate of Hudson Kirk;
that said Moy duly qualified and entered on the dis-
charge of his duties as the administrator of the said
Hudson Kirk, under and by virtue of the bond on which
George Howell was a securety. It is alleged that the
heirs and devisees of Hudson Kirk filed a bill of com-
plaint against Moy and his bondsmen in the chancery
court of Cherokee county, and that H. C. and J. H.
Howell, as executors of George Howell, were made par-
ties defendant as executors of one of the sureties, and
suffered the decree pro confesso to be rendered against
them. It is alleged that in 1883 the chancery court of
Cherokee county rendered a final decree in said cause in
favor of the complainants and against Moy and his of-
ficial bond in the sum of $12,000. It is alleged that an
appeal was taken to the Supreme Court of Alabama, and

a decree there rendered affirming said final decree. All these proceedings are made exhibits. It is then averred that the amounts or items of debts due by the estate of George Howell, for which the note was executed upon which complainant's intestate became the indorser, were the sum of $6,000, which the executors were compelled to pay upon the decree in favor of the Kirk heirs above noticed, and that it was so used to pay off and discharge said final decree. The other facts alleged are in all respects the same as in the original bill.

Demurrers were assigned to the amended bill as follows: (1) For that the said amended bill is a departure, in that the said original bill sought to have the complainant subrogated to the rights of H. C. Howell and J. H. Howell, as executors of the estate of George W. Howell, deceased, and to the rights of the creditors whose demands against said estate were paid by and with the effects of the estate of T. F. Howell, deceased, while the amended bill seeks to have the complainant subrogated to the rights of the heirs, devisees, distributees, and legatees of the estate of Hudson Kirk. (2) The said promissory note of the complainant for money paid on said note is not a claim against the estate of George W. Howell. (3) Said H. C. and J. H. Howell were not authorized to borrow money and to charge the estate of said decedent with the money so borrowed. (4) For that the said promissory note shows on its face that it was the individual obligation of H. C. and J. H. Howell, and not a claim against the estate. (5) Said promissory note was barred by the statute of limitations before the filing of the bill. (6) That the claim on account of money paid is barred by the statute of limitations. (7) For that it appears that there was no valid lien or incumbrance on said land at the time said money was borrowed to pay the claim. (8) That the allega-

tions of said bill do not show such a state of facts as entitle the complainants to be subrogated to the rights of the heirs of the said Hudson Kirk. There are numerous other demurrers.

The cause was submitted to the chancellor on demurrer and on motion to dismiss for want of equity, and a decree was entered sustaining the demurrers and motion to dismiss. From that decree this appeal is prosecuted.

WEBB & AMASON, and W. H. CATHER, for appellant.—
The decree of the probate court of Cherokee county was conclusive that George Howell owned the lands described therein, that he owed debts on the date of his death and that his personal estate was insufficient to pay his debts; and it cannot be collaterally attacked since the petition on which it was rendered contained the necessary jurisdictional averments.—*Neville v. Kinney*, 28 South. 452; *Cobb v. Garner*, 105 Ala. 467; *Chardevoyne v. Lynch*, 82 Ala. 376; *Grubb v. Galloway*, 93 Am. St. Rep. 764. This decree was not void.—*Hamiltonn v. Hardy*, 52 Ala. 291; *Bowling v. Smith*, 79 Ala. 535; *Jones v. Woodstock*, 95 Ala. 551; *King v. Kent*, 29 Ala. 542. On the foregoing authorities the demurrer and motion to dismiss the amended bill for want of equity are necessarily a collateral attack. The decree of the probate court of Aug. 10, 1885,, constituted an equitable lien on the lands therein described in favor of the creditors of the estate of G. W. Howell, deceased.—
*Chapman v. Sullivan*, 27 N. E. 425; *DeConcillio v. Browning*, 51 N. J. E. 532; *Taylor v. Taylor*, 48 Am. Dec. 277; 95 Am. Dec. 767; 12 Am. St. Rep. 383; 35 Am. St. Rep. 419; 57 Am. Rep. 187. T. F. Howell, if living, would be subrogated to or would be an equitable assignee of the decree against the estate of George W.

Howell, as he was a tenant in common of the ownership of the land described in the decree.—Authorities supra; *Faegin v. Kendall,* 43 Ala. 628. The bill having been filed within twenty years of the rendition of the decree, the right was not void either by limitation or laches.— *Bizzell v. Nnx,* 60 Ala. 281; *DeBardelaben v. Stoudenmire,* 82 Ala. 574; *Bozeman v. Bozeman,* 82 Ala. 389; *Garrett v. Garrett,* 69 Ala. 429; *Bass v. Bass,* 88 Ala. 408. The amended bill was not a departure.—*Ingraham v. Foster,* 31 Ala. 123; *Fite, et al. v. Kennamer,* 90 Ala. 470.

KNOX, ACKER & BLACKMON, for appellee.—The petition for the sale of the lands did not contain the necessary averments to give the court granting the decree jurisdiction. The petition fails to aver the fact of the will and that the petitioner was executor, and that there was no power in the will to sell and that the personal property was insufficient.—Sec. 155 and 156, Code 1896; *McCollum v. McCollum,* 33 Ala. 712; *M. E. Church v. Price,* 42 Ala. 49; *Buck v. Frank,* 51 Ala. 94; *Wilson v. Holt,* 83 Ala. 538; *Hall v. Hall,* 47 Ala. 290; *Medders v. Medders,* 73 Ala. 356; *Quarles v. Campbell,* 72 Ala. 64; *Mosely v. Tuthill,* 245 Ala. 621.

Under the facts stated, the right of subrogation did not exist.—*Chapman v. Abraham,* 61 Ala. 108; *R. & D. R. R. Co. v. Sibert,* 97 Ala. 393; *Pettus v. McKinney,* 74 Ala. 108; *Bohlman v. Lowman,* 74 Ala. 507; *Scott v. Mort Co.,* 127 Ala. 159. The claim was barred by the statute of limitations and laches.—*Scott v. Ware,* 65 Ala. 183; *Steele v. Steele,* 64 Ala. 439; *Teague v. Corbett,* 57 Ala. 643; *Trimble v. Farriss,* 78 Ala. 266; *Cary v. Simmons,* 87 Ala. 529; *Warren v. Hearn,* 82 Ala. 554; *Chandler v. Wynne,* 85 Ala. 308; *Miller v. Irby,* 63 Ala. 484; *Bond v. Smith,* 2 Ala. 660; *Grimball v. Mastin,* 77

[Hughes v. Howell, et al.]

Ala. 559. And money arising from the sale of land is regarded as land as to these matters.—*McDonald v. Carnes,* 90 Ala. 149; *Chancy v. Chaney,* 38 Ala. 35; *Wil-Wilamson v. Mason,* 23 Ala. 488; *Teague v. Corbett, supra.*

ANDERSON, J.—The manifest purpose of the bill, before and after amendment, was to enforce the collection of the sum that complainant's intestate's estate had to pay the bank for the benefit of the estate of George W. Howell, deceased, and to subject the land of the said estate to the payment thereof. The amendment seeks an equitable subrogation to the lien under the decree in favor of the Kirk heirs, which is but an incident to the collection of the debt, but subjecting the land to the payment of same, and the amendment was not a departure from the original bill. It appears from the bill that the money procured from the bank, upon the indorsement of complainant's intestate, T. F. Howell, and which was paid by him as his administrator, was to be procured for the purpose of paying off the decree against the estate of George W. Howell in favor of the Kirk heirs, and was so used. It might be that under the authority of *Motes v. Robertson,* 133 Ala. 630, 32 South. 225, T. F. Howell became the equitable assignee of the decree paid with money procured upon the strength of the credit and which had to be paid to the bank out of his estate, and that he was not a mere volunteer, aside from the fact that he owned an interest in the property upon which the decree operated as a lien; but this we need not decide, as T. F. Howell was a legatee under the will of George W. Howell, and owned an interest in the land covered by the lien which the money, in effect furnished by him, was used to discharge.

Our court, in the case of *Ohmer v. Boyer*, 89 Ala. 273, 7 South. 663, in discussing the doctrine of subrogation not dependent upon contract and known as "conventional subrogation," but which is the creature of equity designed for the promotion of justice, says: " 'The rule' says Mr. Pomeroy (2 Eq. Jur. § 729), 'is well settled that when a life tenant, or any other person having a partial interest only in the inheritance or in the land, pays off a charge or incumbrance on the entire premises, he is presumed to do so for his own benefit. The lien is not discharged, unless he intentionally release it. He can always keep the incumbrance alive for his own protection and reimbursement. His intention to do so will be presumed, even though he has taken no assignment. In fact, his payment constitutes him an equitable assignee.' And again: 'In general,' he observes, 'when any person having a subsequent interest in the premises, and who is not the principal debtor primarily and absolutely liable for the mortgage debt, pays off the mortgage, he thereby becomes an equitable assignee thereof, and may keep alive and enforce the lien as far as may be necessary in equity for his own benefit. He is subrogated to rights of the mortgagee to the extent necessary for his own equitable protection.'—3 Pom. Eq. Jur. § 1212, and note 2; Id. § 1221; 2 Pom. Eq. Jur. § 795; *Everson v. McMullen,* 113 N. Y. 293, 21 N. E. 52, 4 L. R. A. 118, 10 Am. St. Rep. 445; *Sandford v. McLean,* 3 Paige 117, 23 Am. Dec. 773; *Averill v. Taylor,* 8 N. Y. 44." The cases relied upon by counsel for appellees relate to conventional subrogation, and not the kind with which we are dealing. Moreover, the case of *Abrahams v. Chapman,* 61 Ala. 108, and which is quoted from in the case of *R. & D. R. R. v. Sibert,* 97 Ala. 393, 12 South. 69, has been explained and modified in the case of

[Richard, et al. v. Steiner Bros.]

*Allen v. Caylor,* 120 Ala. 251, 24 South. 512, 74 Am. St. Rep. 31.

The bill does not aver when the Kirk decree was affirmed by this court, which would be the period from which the statute of limitations would commence, but does show that it was filed within 20 years after the rendition of the decree by the chancellor, and was filed in time, adopting the rendition of that decree as the period of computation. The bill was not subject to the demurrers proceeding upon the theory of laches or the statute of limitations.—Subdivision 3, § 2794, Code 1896.

The chancellor erred in sustaining the demurrers, as well as the motion to dismiss for want of equity; and the decree is reversed, and one is here rendered overruling the same.

Reversed and rendered.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.