168 So. 427

**BERRY et al. v. BANKERS MORTGAGE
BUILDING & LOAN ASS'N.**

**6 Div. 854.**

Supreme Court of Alabama.

May 21, 1936.

Ben F. Ray, of Birmingham, and John A. Darden, of Goodwater, for appellants.

W. H. Woolverton, of Birmingham, for appellee.

THOMAS, Justice.

 This bill was for the enforcement of equitable subrogation to the extent that the proceeds of the indebtedness secured by the last mortgage to the appellee were used for the purpose of paying off prior liens that were superior to the lien of the mortgage to appellants' intestate.

The agreed statement of facts shows that the original mortgage to appellee was a valid and prior lien on the real property, the subject of this suit, and that it was superior to the mortgage given appellants' intestate; that the appellee had no actual knowledge of the existence of the mortgage to appellants' intestate until after its renewal or the last mortgage was recorded; that, at the time the last mortgage was made, the original mortgage to appellee was in default, the property sold for taxes, state, county and city; that the last loan made was for the purpose of discharging such superior liens, and was so used to the amount indicated in the decree; that the last mortgage was duly foreclosed for the amount evidenced thereby and the right of redemption had expired when this suit was brought.

The bill contained equity and was not subject to the demurrers directed thereto. First Avenue Coal & Lumber Co. v. King et al., 193 Ala. 438, 69 So. 549; Alison et al. v. Patrick, 217 Ala. 520, 116 So. 918.

It is established that the right of subrogation may be enforced against liens and claims which are subordinate to the superior liens that are discharged. Cook v. Kelly et al., 200 Ala. 133, 75 So. 953; Brooks et al. v. Capps et al., 217 Ala. 375, 115 So. 864; Shields et al. v. Pepper, 218 Ala. 379, 380, 118 So. 549; City of Birmingham v. Terrell, 229 Ala. 523, 158 So. 748; Hughes v. Howell et al., 152 Ala. 295, 44 So. 410; New England Mortgage Security Company v. Fry, 143 Ala. 637, 42 So. 57, 111 Am.St.Rep. 62.

The decree of the circuit court is therefore affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.