[Bolman v. Lohman.]

# Bolman *v.* Lohman.

*Bill in Equity for Foreclosure of Mortgages.*

1. *Amendment of bill ; husband and wife as parties.*—When the original bill alleges that the complainant is a widow, and seeks to foreclose a mortgage taken by her in her own name, an amendment may be allowed (Code, § 3156), alleging that she is in fact a married woman, but living separate and apart from her husband, and that he had never sought to exercise any control over her money or property; and on these allegations, the husband is properly joined with the wife as a complainant in the amended bill.

2. *Multifariousness, and misjoinder.*—A bill is not multifarious because it seeks to foreclose two mortgages on the same property, one of which was given to the complainant for money borrowed to pay off the other, under circumstances which would entitle him to be subrogated to the security of the prior mortgage; and the second mortgage being given by a widow who had only a life-estate in the property, while the first was executed by her and her husband while living, her children being remainder-men under the husband's will, she and her children are properly joined as defendants to the bill, although their interests are separate and distinct.

3. *Subrogation of creditor to mortgage security.*—The lender of money which is used in paying off a mortgage, or other incumbrance on land, is not entitled, on that account alone, to be subrogated to the rights of the mortgagee; but, if the money was advanced for the purpose of paying off the mortgage, with the just expectation of obtaining a valid security on the property for the re-payment, and it was used in paying off the mortgage; or, if the mortgage given for its re-payment is defective, or the money used in paying off the mortgage debt was procured by fraud and misrepresentation—in these cases, the lender is entitled to be subrogated to the security of the mortgage which his money has discharged.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. JOHN A. FOSTER.

The original bill in this case in which the complainant was described as "Augusta Lohman, widow, seventy years of age, infirm, and without education," was filed on the 24th July, 1883, against Louisa Bolman ; and sought the foreclosure of a mortgage on certain real estate in Mobile, or the sale of Mrs. Bolman's interest therein, for the satisfaction of the secured debt, which was recited to be $2,000 borrowed money. The mortgage, a copy of which made an exhibit to the bill, was dated December 1st, 1881, and described the mortgagee as Augusta Lohman. The bill alleged that Mrs. Bolman, at the time she applied to the complainant for the loan of this money, "stated that said property belonged to her, that she had a good title thereto, and that it was worth two or three times the money

[Bolman v. Lohman.]

she asked to borrow;" and it was further alleged that, a few days after the execution of the mortgage, complainant discovered that Mrs. Bolman had only a life-estate in the property under the will of her deceased husband, which had not then been admitted to probate.

The defendant filed an answer to the bill, in which was incorporated a demurrer; and she pleaded that the complainant was in fact a married woman, having a husband living, whose name was Peter Craft, and who was a necessary party to the bill. Afterwards, on motion made before the register, and allowed by him, the complainant amended her bill, by adding these averments: 1. That she was married to Peter Craft more than twelve years before the filing of her original bill, but lived with him only a few months; that he never exercised any dominion or control over her property, or had possession of any part of it; and that she was always known and called by the name of Augusta Lohman, as stated in the mortgage. 2. That the money loaned to Mrs. Bolman was a part of the complainant's statutory estate under the laws of Alabama. 3. That Mrs. Bolman, "while negotiating said loan, told complainant that she wanted the money to pay off a former mortgage on her said house and lot, held by her sister in law, Mrs. Dorothy Frank, and, when she got the money, did use the same for that purpose, and thereby discharged said prior mortgage, which was made by said Louisa Bolman and her husband, John Bolman, who then held a fee-simple title to said property." The amended bill also made Peter Craft a co-complainant with Mrs. Lohman, and prayed that the children of said John and Louisa Bolman, as remainder-men under his will, might be made defendants to the bill; and the prayer was added, "that complainant Augusta be subrogated to the lien and right of said Dorothy Frank which she held under said mortgage on said property made by said John Bolman and his wife, and that the legal and equitable title thereof be condemned to pay complainant's said debt."

A demurrer to the bill as amended was interposed by Mrs. Bolman, because of multifariousness, and because the amendment was an entire departure from the original bill, and on several other grounds specifically assigned. The chancellor overruled the demurrer, and also overruled a motion to dismiss for want of equity; and his decree is now assigned as error.

F. G. BROMBERG, for appellant.—(1.) The amendment was an entire departure from the original bill, and, on that account, the demurrer ought to have been sustained.—*King v. Avery*, 37 Ala. 169. The original bill was that of Augusta Lohman as a *femme sole*, and the amended bill was that of her husband.

[Bolman v. Lohman.]

*Michan v. Wyatt,* 21 Ala. 826; *Hamilton v. Clements,* 17 Ala. 205; 1 Dan. Ch. Pr. 108, 109, *n.* 7. (2.) The amendment made the bill demurrable for both multifariousness and misjoinder. Mrs. Bolman's children, as remainder-men under their father's will, had no interest in the mortgage which she had given on her individual interest in the property; and they were improperly joined as defendants.—*Felder v. Davis,* 17 Ala. 422; *Johnson v. Parkinson,* 62 Ala. 456; 1 Dan. Ch. Pr. 335, 4th Amer. ed.; Story's Eq. Pl. (8th ed.) § 530. In asking a foreclosure of one mortgage and subrogation to the security of another, inconsistent matters are united, and the charge of multifariousness is incurred.—*Lehman v. Meyer,* 67 Ala. 396; Story's Eq. Pl. (8th ed.) § 42 *b; Rapier v. Gulf City Paper Co.,* 69 Ala. 480; *Jones v. Reese,* 65 Ala. 134; *Ray v. Womble,* 56 Ala. 36; *Moore v. Alvis,* 54 Ala. 356; *Winter v. Quarles,* 43 Ala. 693. (3.) The bill does not make out a case for subrogation.—*Sanford v. McLean,* 3 Paige, 117; *Banta v. Garmo,* 1 Sandf. Ch. 383; *Wilkes v. Harper,* 1 N. Y. 586; *Cole v. Malcolm,* 66 N. Y. 366; *Shinn v. Budd,* 14 N. J. Eq. 234; *Midland Railroad Co. v. Wortendyke,* 27 *Ib.* 660; *Coe v. Railway Co.,* 3 *Ib.* 105; Sheldon on Subrogation, §§ 3, 240, 248; 63 N. Y. 314; 15 Iowa, 37.

OVERALL & BESTOR, and L. H. FAITH, *contra.*—(1.) The defendant first pleaded the non-joinder of the complainant's husband, and then demurred because he was made a party. That the husband was properly made a complainant with his wife, see *Pitts v. Powledge,* 56 Ala. 147; *Sawyers v. Baker,* 66 Ala. 292, and 72 Ala. 49. (2.) The averments of the bill, original and amended, entitle the complainant to be subrogated to the security of the first mortgage, which her money has paid and discharged.—Dixon on Subrogation, 165; *Sloan v. Frothingham,* 72 Ala. 589; *Robertson v. Bradford,* 73 Ala. 116; *Irwin v. Bailey,* 72 Ala. 467; *Bright v. Boyd,* 1 Story, 498; 8 Dana, 183; 5 Texas, 315; Sheldon Subrogation, 38, and cases cited.

SOMERVILLE, J.—The bill is one filed by the complainant, Mrs. Augusta Lohman, primarily to foreclose a mortgage on certain real estate, executed to secure money alleged to have been loaned by her to one of the defendants, Mrs. Louisa Bolman. The averment of the bill, as originally filed, was that the complainant was a widow. An amendment to the bill was allowed by the chancellor, showing that the complainant was a married woman, living apart from her husband; that the money loaned was her statutory separate estate, over which her husband had never sought to exercise any control or dominion; and that she had never assumed the name of the husband, but

was then and had long been known by the name of Lohman.
The husband, one Peter Craft, was made a co-complainant to
the bill, however, by amendment, on motion, which was allowed
against the objection of the defendants.

The allowance of these amendments was, in our opinion,
free from objection. The only limit to this right under our
statutes, as we have many times said, is, that there must not be
an entire change of parties, nor the substitution of an entirely
new cause of action.—*Dowling v. Blackman*, 70 Ala. 303;
*Long v. Patterson*, 51 Ala. 414; Code, 1876, § 3156. The
only change wrought by the first amendment is in the descrip-
tion of the complainant's title, and of the capacity in which
she sues. Her original title is that of a *femme sole*; the new
title, that of a *femme covert*. The only difference between the
two is created by the rights and relationship of the husband
as statutory trustee of the wife. The case made by the ámended
bill can, in no proper sense, be said to be such a radical depar-
ture from that made by the original bill, as to constitute an
entirely new case. Each aspect entitles the complainant to
substantially the same relief, and the same defenses are appli-
cable to each.—*Pitts v. Powledge*, 56 Ala. 147; *King v. Avery*,
37· Ala. 169; *Adams v. Sayre*, 70 Ala. 318.

The husband was a proper party plaintiff, and there was no
error in permitting his joinder with the wife in a court of
equity. The case is not distinguishable from *Sawyers v. Baker*,
72 Ala. 49.

The bill is not objectionable on the ground of multifarious-
ness. Its purpose is single—the enforcement of a mortgage
lien on property claimed by the defendants, executed to secure
the payment of money alleged to have been borrowed from the
mortgagee. It is true that there are two securities, the benefit
of which is claimed in favor of the complainants. The first is
a mortgage executed by Mrs. Bolman, upon her interest in the
property, which was only a life-estate, created by the will of
her deceased husband. The second was a mortgage executed
by Mrs. Bolman and her husband, prior to his death, to secure
a debt due to a Mrs. Frank, to the benefit of which complain-
ants claim to be entitled by subrogation, upon the ground that
it was paid and satisfied by their money borrowed for the pur-
pose of paying it, under such circumstances as to create this
equity in their favor. There is no repugnancy whatever be-
tween the two securities, or the liens claimed under or through
them. The one is claimed additional to, and cumulative of the
other. It is a recognized rule, that the objection for multifa-
riousness does not hold, "where one general right is claimed
by the plaintiff, although the defendants may have separate
and distinct rights."—*Dimmock v. Bixby*,· 20 Pick. 377; *Lar-*

*kins v. Biddle*, 21 Ala. 252. In *Randle v. Boyd*, 73 Ala. 282, we said: "Where the object of the suit is single, it is no objection that the different defendants have separate interests in distinct and independent questions, provided they are all connected with and arise out of the single object of the suit." *Kingsbury v. Flowers*, 65 Ala. 479. The reason of the rule is, that courts of equity are averse to a multiplicity of suits, and always strive to prevent unnecessary litigation, as far as possible, without, at the same time, vexing parties with the litigation of questions with which they have no concern.—*Fellows v. Fellows*, 15 Amer. Dec. 428–429, *note; Randle v. Boyd, supra.*

All the defendants claimed an interest in the mortgaged property—Mrs. Bolman a life-estate, and her children the remainder—and these interests would be affected by the enforcement of complainants' mortgage liens. There was, therefore, no improper joinder of parties defendant, under the principles above announced.

To entitle the complainants to be subrogated to the lien of the mortgage executed to Mrs. Frank by Bolman and wife, it manifestly required more than the mere appropriation of the borrowed money to the payment of the mortgage. The lender of money which is applied by the borrower in payment of a mortgage, or other lien on land, is not generally subrogated to the lien which is thus extinguished, merely upon the strength of the fact that his funds have discharged the incumbrance. Sheldon on Subrog. § 243; *Griffin v. Proctor*, 14 Bush (Ky.), 571; *Chapman v. Abrahams*, 61 Ala. 108. This is analogous to the rule, that a resulting trust never accrues in favor of one who lends money to another for the purchase of land. The very fact of a loan rebuts and contradicts the implication of a trust, which might otherwise be presumptively raised by law. *Whaley v. Whaley*, 71 Ala. 159. Subrogation is said to be the creature of equity, and not of contract, and is based on principles of justice and fair dealing. "It is nothing more than the putting by transfer one person in the place of another, and investing the former, in promotion of fair dealing, with the equitable rights of the latter."—*McWilliams v. Jenkins*, 72 Ala. 480, 487. There is clearly no scope for the operation of the principle in a case of ordinary borrowing, where there is no fraud or misrepresentation, and the borrower creates in favor of the lender a new and valid security, although the funds are used in order to discharge a prior incumbrance. But the rule is settled that, where money is expressly advanced in order to extinguish a prior incumbrance, and is used for this purpose, with the just expectation on the part of the lender of obtaining a valid security; or where its payment is secured by a mortgage, which

[Bolman v. Lohman.]

for any reason is adjudged to be defective, the lender or mort-gagee may be subrogated to the rights of the prior incumbrancer, whose claim he has satisfied, there being no intervening equity to prevent.—*Kitchell v. Mudgett*, 37 Mich. 82; Sheldon on Subrog. §§ 8, 20; Dixon on Subrog. 165. So, where there is misrepresentation and fraud, by which one has been induced to advance money to discharge a lien on property, and the money is so appropriated, it is common for equity to protect the lender, by subrogating him to the lien which his money has been used to extinguish. Less than this would be to encourage fraud by placing a premium upon artifice and dishonesty.— *Wolfe v. Walter*, 56 Mo. 292; Sheldon on Sub. § 247. In *McWilliams v. Jenkins*, 72 Ala. 480, where the funds of one party were ap-propriated, without his consent, to discharge a lien on land, he was held entitled to subrogation, by being declared the equita-ble assignee of the lien for reimbursement. The discharge of the lien was held to be a purchase for his benefit, rather than an extinguishment.—*Irvin v. Bailey*, 72 Ala. 467.

The bill, in the present case, alleges that the money of com-plainants was borrowed for the purpose of discharging the mortgage of Mrs. Frank, and was used for this end. It also alleges, that this loan was procured by false representations on the part of Mrs. Bolman, as to the interest which she had in the property. This she represented to be a fee-simple, whereas it was, in truth and fact, only a life-estate. Under the princi-ple above announced, the complainants, in our opinion, should be subrogated to the lien of the mortgage which has been sat-isfied with their money, borrowed as it was through the device of misrepresentation.

There are some other grounds of demurrer to the bill, which are obviously without merit, and require no discussion. The demurrer was properly overruled by the chanceller, in all its parts—both to the original and the amended bill.

The assignments of error raise no question as to the rulings of the chancellor on the demurrer to the cross-bill. We do not, therefore, discuss this portion of his decree.

There is no error in the record, and the decree is affirmed.