# Scott v. Land, Mortgage, Investment and Agency Co., Limited of America.

127  161|
129  329|
127  161
135  239

### Bill in Equity for Subrogation.

1. *Vendor and purchaser; subrogation of mortgagee to vendors' lien.*—Where one makes a loan of money to a vendee of land with the understanding that the money is to be used and applied by the borrower to the payment of the balance due upon the purchase money of said land, and in accordance with an agreement between the parties the lender pays over the money borrowed to the vendor of said land, and to secure the re-payment of said loan the lender takes a mortgage from the borrower, if such mortgage, given for the re-payment of money; is defective, the mortgagee named therein is entitled to be subrogated to the vendor's lien, which was discharged by the lender.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. WM. L. PARKS.

The bill in this case was filed by the appellee on November 2, 1899, against Brown Scott, Liddy Scott, George E. Gordan and Benjamin Graham. The facts averred in the bill may be summarized as follows: Prior to December 28, 1891, Brown Scott, one of the appellants, applied to the Loan Company of Alabama to negotiate a loan for him on certain lands in Lowndes county, and said Loan Company procured the complainant to agree to loan $320 to the said Brown Scott on said lands. That on December 28, 1891, the said Brown Scott executed his promissory notes for that amount, and to secure the payment of the same he and his wife executed and delivered to the complainant a mortgage on the lands. That in his application Scott represented that the money borrowed was to be applied to the satisfaction of a vendor's lien in favor of Simpson Goodwin, from whom the lands were purchased by Scott, and that in pursuance of the agreement between complainant

11

and Brown Scott, complainant paid over the sum bor-
rowed from it to the said Goodwin, and thereupon
Goodwin released his vendor's lien and cancelled the
promissory note which he had taken from Scott, which
recited the vendor's lien for the balance of the purchase
money. That no part of the mortgage debt due to com-
plainant by Brown Scott had ever been paid. Com-
plainant foreclosed its mortgage in 1895 under a power
of sale contained therein, and had Benjamin Graham to
purchase the same for it; that said Graham had held the
land and collected the rents during the years 1895, 1896
and 1897 from Brown to whom they were rented, but
that in 1898 the said Brown Scott brought an action of
ejectment against said Graham to recover the lands de-
scribed in the mortgage, and on account of the same
being defectively acknowledged, and the lands being a
homestead, the said Brown Scott succeeded in the fall
of 1899 in recovering said lands in his ejectment suit,
but that orator had paid off the said claim of the vendor
Simpson Goodwin, as aforesaid, without notice that the
acknowledgment was defective and that defendant Gor-
don claims some interest in the lands; but it was subor-
dinate to said claim of complainants.

The prayer of the bill is, that complainant be decreed
to be subrogated to the rights of Goodwin, the vendor,
to the amount of the purchase money paid him by com-
plainant, and a lien decreed in his favor upon the lands
for said sum and also for the amount of taxes paid out;
that its lien be declared superior to that of defendant
Gordon and Scott be enjoined from proceeding to en-
force his judgment in the ejectment suit; that upon
Scott's failure to pay the amount due to complainant
the lands be ordered sold for the satisfaction of com-
plainant's lien.

To this bill the defendants Brown Scott, Liddy Scott
and George E. Gordon demurred upon the following
grounds: 1. There is no equity in said bill. 2. It is
not alleged or shown that complainant was ever the
owner of the debt or obligation of the said Brown Scott
to the said Simpson Goodwin. 3. It appears in and by
said bill of complaint that the debt of said Brown Scott

to the said Simpson Goodwin had been, prior to' the beginning of this suit, wholly paid and extinguished.    4. It is not alleged that complainant was at the time of the filing of said bill of complaint the owner of the said debt or obligation of the said Brown Scott to the said Simpson Goodwin.    5.    It appears in and by the allegation of the said bill of complaint that the said Brown Scott was not at the time of the filing of said bill indebted to the said Simpson Goodwin, or to any one else for the purchase money of the lands described in the bill of complaint or for any part thereof.    6.    It appears in and by the allegation of the said bill of complaint that the said conveyance by the said Brown Scott, to the complainant was invalid at the time of its execution, and that the same can not now be enforced.    7.    It appears by said bill that said complainant has a complete and adequate remedy at law.

On the submission of the cause on the demurrers, the court rendered a decree overruling them.    From this decree the defendants appeal, and assign the rendition thereof as error.

GORDON & McGAUGH, for appellant.—1st.    Where money is loaned to relieve lands of a lien, the lender is not entitled to subrogated to the lien.—*Chapman v. Abraham*, 61 Ala. 108; *Pettus v. McKinney*, 56 Ala. 41; *Ib.* 74 Ala. 108; *Preston v. Ellington*, 74 Ala. 133; *Bankhead v. Owen*, 60 Ala. 457.

2d.    The vendor's lien is an incident of the debt for the purchase money, and is extinguished by its payment. *Simms v. Sampey*, 68 Ala. 588; *Ib.* 64 Ala. 230; *Bozeman v. Ivey*, 49 Ala. 75.

3d.    A vendor's lien is a right created in equity solely for the protection and benefit of the vendor, and, being extinguished, will not be revived in equity when unnecessary for the protection of the vendor.—*Bankhead v. Owen*, 60 Ala. 457; *Houston v. Bank of Huntsville*, 25 Ala. 250.

4th.    A vendor's lien is in the nature of a trust created in equity, and the mere fact of a loan rebuts and contradicts the implication of a trust.—*Chapman v.*

*Abrahams,* 60 Ala. 108; *Tilford v. Torrey,* 53 Ala. 120; *Bankhead v. Owen,* 60 Ala. 457; *Preston & Stetson v. McMillan,* 58 Ala. 84; *Preston v. Ellington,* 74 Ala. 133; 3 Brick. Dig., p. 786, § 55.

HUGH NELSON, *contra.*—The true doctrine is that equity is very willing to lend a helping hand to one who has paid off a lien; and if he can show a colorable obligation to pay, the right to subrogation will not be denied. It is of the very essence of the doctrine that equity will not allow the incumbrance to be discharged, but keeps it alive and treats it as if an assignment had been made; and the title failing to be passed by the conveyance, the remedy is in equity.—24 Amer. & Eng. Encyc. Law, 293. A person advancing money upon a defective security is subrogated to the rights of the prior incumbrancer.—*Bolman v. Lohman,* 74 Ala. 507; *Lockwood v. Bassett,* 49 Mich. 547; *Kitchell v. Mudgett,* 37 Mich. 82; *Muir v. Berkshire,* 52 Ind. 149; *Gilbert v. Gilbert,* 39 Iowa, 657; *Levy v. Martin,* 48 Wis. 198; *Home M. L. Ins. Co. v. Marshall,* 32 N. J. Eq. 103; *Chaffee v. Oliver,* 39 Ark. 531.

HARALSON, J.—The case here presented is, that Brown Scott, the defendant, applied to the plaintiff company to borrow $320, and proposed to execute his notes and mortgage on the lands in the bill mentioned, to secure them, which loan was perfected after the preliminary examination of the lands and their title had been made. It is shown, that at the time of this application, there existed a debt of $320 by Scott to one Simpson Goodwin, from whom he bought the lands, which debt was evidenced by Scott's notes to Goodwin, which notes recited a vendor's lien on the land as security for their payment. The bill is full in its averments of the existence of said vendor's lien on said lands for the payment of $320, the balance of the purchase money due by Scott to his said vendor on them.

It is averred, also, that in his application for this loan Scott made known the existence of this vendor's lien, and represented, that the money he proposed to borrow, was

to be applied to the satisfaction of said vendor's lien on the lands, to which they were subject; that after the acceptance of said loan, complainant, in pursuance of a common understanding and agreement to that end, between it and Scott, paid over to said Goodwin the amount of said principal sum of $320; less a small sum deducted and paid to the abstractor of the title to the lands, and less a small sum for the recording of said mortgage, which sums it was agreed should be paid out of the loan, and thereupon, said Goodwin released said vendor's lien, and cancelled the promissory notes which he had taken from said Scott.

From the foregoing it will appear that there was no transfer of the vendor's lien notes to complainant, and no agreement that it should be subrogated to said vendor's lien, for that was cancelled and given up, as between the original parties. The subrogation sought, therefore, cannot be classed as conventional, or one growing out of agreement of parties.—*Allen v. Caylor,* 120 Ala. 251. If the right of subrogation can be enforced at all by the complainant, it must spring from some principle recognized in courts of equity in the interest of justice and fair dealing. In *Chapman v. Abrahams,* 61 Ala. 108, followed in other cases, it was held that one who advances money to the vendee to pay the deferred payments on a purchase of lands, or pays the amount, at the vendee's request, who conveys to the purchaser, has no vendor's lien on the lands,—the principle on which the doctrine rests being, that the payment of the purchase money by another at the request of the vendee of the land, did not operate to transfer the original demand to him, but extinguished it, and created a new liability, the advancer of the money becoming a new and original creditor.—*Tyler v. Jewett,* 82 Ala. 93, 101; *Pettus v. McKinney,* 74 Ala. 108.

In the case of *Bolman v. Lohman,* 74 Ala. 507, this doctrine and the authority of *Chapman v. Abrahams,* on which the others cited are based, is recognized, the court stating: "There is clearly no scope for the operation of the principle (of equitable subrogation )in a case of ordinary borrowing, where there is no fraud or

misrepresentation, and the borrower creates in favor of the lender a new and valid security, although the funds are used in order to discharge a prior incumbrance." In such case the lender is treated as a mere volunteer in the transaction. "But, [as the opinion proceeds], the rule is settled that, where money is expressly advanced in order to extinguish a prior encumbrance, and is used for this purpose, with the just expectation on the part of the lender, for obtaining a valid security; or where its payment is secured by a mortgage, which for any reason is adjudged to be defective, the lender or mortgagee may be subrogated to the right of the prior incumbrancer, whose claim he has satisfied, there being no intervening equity to prevent.—*Kitchell v. Mudgett,* 37 Mich. 82; Sheldon on Subrogation, §§ 8, 20; Dixon on Subrogation, 165." See also 24 Am. & Eng. Encyc. Law, 292. It is of the essence of this doctrine, that equity does not allow the incumbrance to become satisfied as to the advancer of the money for such purposes, but as to him, keeps it as alive, and as though it had been assigned him as security for the money.—*Fouche v. Swain,* 80 Ala. 151, 153; 3 Pomeroy, § 1212.

We may add, without repeating what was said, that our recent case of *Faulk v. Calloway,* 123 Ala. 325, sustains the doctrine of the case of *Bolman v. Lohman, supra,* and the views we here express.

The demurrer to the bill was properly overruled.

Affirmed.