# Motes *v.* Robertson *et al.*

## Bill in Equity for Equitable Assignment and Subrogation.

1. *Equitable assignment and subrogation; when shown to exist.* Where one who, though having no previous interest and being under no obligation, pays off a mortgage or advances money for its payment at the instance of the mortgagor, and for his benefit, such person is in no true sense a stranger and volunteer, but is, under the doctrine of equitable assignment, entitled to be subrogated to the lien of said mortgage for the reimbursement of the amount paid thereon.

APPEAL from the Chancery Court of Pike.
Heard before the Hon. WILLIAM L. PARKS.

The bill in this case was filed by the appellant, M. E. Motes, against the appellees, Dick Roberson and Mary J. Roberson, his wife, for. he purpose of having a mortgage executed by the defendants to the Edinburgh American Land Mortgage Company and another mortgage executed by the defendants to the Loan Company of Alabama, equitably assigned to the complainant, and at the same time praying that the complainant be subrogated to the lien of said mortgages.

It is alleged in the bill that she, "at the request" of defendant "paid for him, or advanced to him to be paid on his past due payments on said mortgage debts and which were so paid."

The bill further alleges that "said sums paid or advanced to be paid on said mortgages have never been repaid or returned to complainant and that they are justly due with the interest thereon; that on the 31st day of August, 1897, complainant recovered a judgment against defendant Dick Roberson on a promissory note bearing date January 28, 1891, given for the aforesaid amounts or sums paid or advanced on said mortgage debts and for other and different uses, all amount-

[Motes v. Robertson *et al.*]

ing to $600." It is further alleged that at the time complainants made the payments for Dick Roberson, or advanced to him the money for that purpose, that he was indebted to complainant in a large amount for advances and plantation supplies to enable him to make his crops and had been since the years 1888 to 1892, and a foreclosure of said mortgage would have taken from Dick Roberson the means of meeting his obligations to complainant, and added greatly to the peril of complainant as to all debts due her.

The defendants demurred to the bill and made a motion to dismiss it for the want of equity. Upon the submission of the cause upon the demurrer and the motion to dismiss, the chancellor rendered a decree sustaining the motion to dismiss. From this decree the complainant appeals, and assigns the rendition thereof as error.

J. R. MOTES, for appellant, cited *Millholland v. Tiffany*, 64 Md. 455; *Yaple v. Stephens*, 35 Kan. 680; *Roberson v. Howell*, 66 Md. 530; *Tolman v. Smith*, 85 Cal. 280; Sheldon on Subrogation, 21, 31, 371; 5 General Digest, p. 1740, § 26; 6 *Ib.* p. 1951, § 15; 7 *Ib.* p. 1844, § 26; 9 *Ib.* p. 4236, § 1; *Faulk v. Calloway*, 123 Ala. 325.

A. C. WORTHY, *contra*, cited Sheldon on Subrogation, 4, § 3; *Simmons v. Walker*, 18 Ala. 664; *Jones v. Lockard*, 89 Ala. 575; *Fry v. Hamner*, 50 Ala. 52; *Pettus v. McKinney*, 74 Ala. 108.

McCLELLAN, C. J.—It is laid down by Mr. Pomeroy that "The doctrine [of equitable assignment] is also justly extended, by analogy, to one who, having no previous interest, and being under no obligation, pays off the mortgage, or advances money for its payment, at the instance of a debtor party and for his benefit, such person is in no true sense a mere stranger and volunteer." The doctrine thus stated has recently been approved and applied by this court, (*Faulk et al. v. Calloway*, 123 Ala. 325) ; and it is believed not to be inconsistent with any of our previous adjudications.

Applying it to the facts averred in the present bill, the conclusion must be that the bill presents a case for equitable relief by way of subrogation to the lien of the mortgage given by Dick Roberson to the Mortgage Company for the reimbursement of complainant in respect of the sums she paid, directly or indirectly, at his instance and request on the mortgage debt. Our conclusion is, therefore, that the chancellor erred in dismissing the bill for want of equity.

Reversed and remanded.