# Bigelow *v*. Scott *et al.*

*Bill in Equity to cancel Mortgage as Cloud on Title.*

1   *Right of subrogation and equitable assignment; when does not exist.*—Where one pays off an existing mortgage at the request of the mortgagor, in just expectation that he would have like security for his money, he thereby, under the doctrine of equitable assignment, becomes entitled to subrogation to the lien of the mortgage so paid off, even though the mortgage given to him was inoperative as against the owners of an equity, because of the pendency of a bill filed by them to enforce their equity and establish a trust in the premises; but, if subsequently another person advances money to the mortgagor for the purpose of paying off the mortgage given to the mortgagee who was thus entitled to subrogation, the right of subrogation to the lien of said prior existing mortgage can not be extended to the last mortgagee, and the mortgage given to said last mortgagee is not available as against the owners of the equity to said premises.

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. A. D. SAYRE.

Prior to April, 1899, one Henry M. Frank purchased and had conveyed to him a certain piece of real estate lying in the city of Montgomery, Alabama, and on the 22d day of April, 1899, he and his wife, Mollie Frank, executed a mortgage thereon to one Mrs. P. N. Tyson to secure a loan made by her to said Henry M. Frank. On July 25th, 1899, the appellees here, Walter Henry Scott and William J. Scott, filed a bill in the City Court of Montgomery in Equity, against the said Henry and Mollie Frank, seeking to have declared in their favor a resulting trust in said land. Relief was granted as prayed, and all right and title of said Franks was by decree, rendered on the 27th day of May, 1901, divested out of them and a deed to complainants, Scotts, ordered.

Subsequent to the filing of said bill by the Scotts, and prior to a decree therein, that is, on the 15th day of May, 1900, said Frank borrowed from one Gay, a sum of money which was so borrowed and loaned on the express understanding and agreement that with the money loaned, the said mortgage to said P. N. Tyson should be paid, and it was in fact so used. To secure the loan, a mortgage was executed by the Franks to Gay on the said property above referred to. Afterwards, on February 13th, 1901, the said Franks borrowed a sum of money from the appellant in this case, Mrs. Elizabeth A. Bigelow, and to secure the same, executed to her the mortgage mentioned in this·bill, and this loan was made and obtained for the express purpose of relieving the said land from the incumbrance of the Gay mortgage, and out of the proceeds of this loan, they paid to said Gay the debt secured by the mortgage held by him.

Appellees, W. H. Scott and W. J. Scott, filed the bill in this case to have the mortgage to Mrs. Bigelow cancelled as a cloud on their title. By cross bill, Mrs. Bigelow asked that she be subrogated to the lien of said mortgage to Tyson, or be treated as an equitable assignee thereof, and that it be foreclosed for her benefit. The lower court sustained demurrers to her cross bill, and dismissed it as wanting in equity, and rendered a final decree, granting to the complainants the relief prayed. From this decree the present appeal is prose-

cuted by Mrs. Bigelow, and the rendition thereof is assigned as error.

MARKS & SAYRE, for appellant.—The rule is settled that, where money is expressly advanced in order to extinguish a prior incumbrance, and is used for this purpose, with the just expectation on the part of the lender, for obtaining a valid security; or where its payment is secured by a mortgage, which for any reason is adjudged to be defective, the lender or mortgagee may be subrogated to the right of the prior incumbrancer, whose claim he has satisfied, there being no intervening equity to prevent. It is of the essence of this doctrine, that equity does not allow the incumbrance to become satisfied as to the advancer of the money for such purposes, but as to him, keeps it as alive, and as though it had been assigned to him as security for the money. *Scott c. Land Mtg. Inv. & Agency Co.*, 127 Ala. 161; *Bolman v. Lohman*, 74 Ala. 507.

The equity of subrogation once attaching, "it will follow the property in its various devolutions of title, in the hands of heirs, devisees, or even *purchasers for value with notice.*"—*Ohmer v. Boyer*, 89 Ala. 279.

W. W. PEARSON, *contra*.

McCLELLAN, C. J.—Franks had the legal title to certain lands. The Scotts were the equitable owners of it, having the equity to compel a conveyance from Franks as upon a resulting trust. Franks mortgaged the land to Mrs. Tyson to secure money presently borrowed. Mrs. Tyson had no notice of the Scott's equity. After this the Scotts filed their bill to enforce the trust in their favor. While this bill was pending, Franks borrowed money from Gay to pay off the Tyson mortgage, and the money was so used, said mortgage being formally discharged and satisfied; and executed to Gay a mortgage on the land to secure this loan. Some time after this, and while the Scotts' said bill was still pending, Franks borrowed money from Mrs. Bigelow and to se-

cure the same executed to her a mortgage on this land. This loan was made and obtained for the purpose of securing money to pay off the said Gay mortgage, and out of the money so borrowed Franks paid to Gay the debt secured by the above mentioned mortgage to him. Assuming that Gay made the loan to Franks in contemplation of the Tyson mortgage and for the purpose of Franks applying the money so loaned in payment of that mortgage, and that it was so applied, and that mortgage thereby discharged, Gay, his own mortgage being inoperative against the Scotts because he took it *lis pendens*, would for the security and reimbursement of his loan to Franks, so applied to the discharge of the valid Tyson mortgage, be entitled to subrogation to the lien of the last mentioned mortgage under the doctrine of equitable assignments; the theory being that having paid off the existing mortgage at the request of the mortgagor in just expectation that he would have like security for his money he, though without previous interest in the land, is not a mere stranger and volunteer in respect of such payment, but had a right to intervene as he did, and is entitled to avail himself of the lien of the Tyson mortgage which he has discharged.—*Bolman v. Lohman*, 74 Ala. 507; *Paulk v. Galloway*, 123 Ala. 325; *Scott v. Mortgage Co.*, 127 Ala. 161; *Tait v. Mortgage Co.*, 132 Ala. 193; 31 So. Rep. 623.

But we know of no case which would extend the right of subrogation to the lien of the Tyson mortgage to Mrs. Bigelow, nor, in our opinion, can it be extended upon sound principle. She did not pay off that mortgage, nor did she lend money to Franks with which to pay it off, nor was it paid off with her money. She paid off the Gay mortgage only and that was inoperative against the equity of the Scotts. It is true that Gay as an incident to the circumstances under which his mortgage was taken had a *right of action* in equity to be subrogated to the Tyson mortgage, which *he* paid off—a right to have the chancery court decree an assignment of the lien of that mortgage to him; but this right was not secured by the Gay mortgage, and it was not in the contemplation of Mrs. Bigelow when she paid the Gay mortgage; she did not know of its existence; she could

have had no expectation of succeeding to this mere cause of action in Gay; she did not pay Gay for it and take it over, if that were possible; she was an utter stranger to this right, a stranger to the Tyson mortgage, and she in no way connects herself with it. If in any sense it can be said that her money in fact discharged Gay's right of action to enforce subrogation to the Tyson mortgage, the discharge was effected without and beyond intention on her part or on the part of Gay or Franks, and she would still be a stranger to it, just as Gay would have been had he made the loan of money to Franks without reference to that mortgage. On the facts of the case, we concur with the judge of the city court that Mrs. Bigelow's mortgage was without efficacy against the equity of the Scotts, and, that equity having drawn to it the legal title by virtue of the decree on the bill of the Scotts against Franks, the Scotts are entitled to have the mortgage cancelled as a cloud on their title.

Affirmed.