# Hamilton, *et al. v.* Robinson.

## *Bill for Subrogation.*

(Decided December 17, 1914.  67 South. 434.)

*Subrogation; Payment of Incumbrance by Persons Secondarily Liable.*—Where complainant conveys lands to H, who assumes the debt secured by two mortgages thereon, and H in turn conveyed it to P, who assumed only the first mortgage, but had notice of the second mortgage, the complainant who was compelled to pay the debt secured by the second mortgage was entitled to be subrogated to all the rights of the second mortgagee against the land.

[Hamilton, et al. v. Robinson.]

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Ellie H. Robinson against W. C. Hamilton and others, to be subrogated to rights under a second mortgage. Decree for complainant, and respondents appeal. Affirmed.

HAMIL & SAVAGE, for appellant.

M. L. WARD and W. H. SMITH, for appellee.

DE GRAFFENRIED, J.—The bill of complaint in this case shows the following: That 'on the 27th day of November, 1911, the complainant, Ellie H. Robinson, sold to W. C. Hamilton certain real estate in consideration of $10 cash and the assumption by Hamilton of an indebtedness of $14,500 to Rosa B. Steiner secured by mortgage on the property and also an indebtedness of $3,150, to Fidelity Mortgage & Bond Company secured by mortgage on said property, the latter mortgage being second to said Steiner mortgage; that on the 2nd day of April, 1913, the said Hamilton conveyed the said property to John U. Poyntz, who, when he purchased, assumed the payment of the above-described indebtedness to Rosa B. Steiner and had notice of the above mortgage indebtedness due said Fidelity Mortgage & Bond Company; that W. C. Hamilton made default in the payment of said bond company mortgage indebtedness; that thereupon complainant was sued by said bond company, and a judgment was rendered in favor of said bond company against complainant for the same; and that complainant has been forced to pay the same. The bill prays that complainant be subrogated to the rights of the Fidelity Mortgage & Bond Company under the mortgage which was executed by complain-

ant to said company; that the amount due by W. C. Hamilton upon said mortgage indebtedness to said bond company, and which he failed to pay, be ascertained; that the lands be sold for the satisfaction of said indebtedness; and that said lands be sold subject to the indebtedness due the said Rosa B. Steiner. The bill alleges that at least a part of the indebtedness to Rosa B. Steiner has been paid, prays that the balance remaining unpaid be ascertained, and that complainant be given the right to redeem said property from said mortgage. The bill fails to show whether all of the indebtedness to Rosa B. Steiner was due at the time the bill was filed.

2. If the allegations of the bill are true, then the complainant is entitled to be subrogated to all of the rights of the bond company upon the land described in the bill. The bond company, when it obtained its judgment against complainant, had a right to foreclose its mortgage and, if the Steiner mortgage was then due, to redeem the land from that mortgage. Hamilton failed, as he contracted with the complainant to do, to pay off the bond company mortgage, and for that reason complainant has been forced to pay the debt secured by that mortgage. Hamilton is the complainant's vendee, and Poyntz bought from Hamilton with knowledge of the existence of the bond company mortgage. No innocent person is therefore before the court, and as the complainant has been forced to pay a debt which, in equity and good conscience, should have been satisfied by Hamilton, the vendor of Poyntz, a court of equity will invest the complainant with all the rights of the bond company against the land for the payment of the debt so paid by complainant to said bond company.— 27 Am. & Eng. Ency. Law, p. 203, subd. 4.

As between Hamilton and complainant, when Hamilton bought the land and agreed to pay off the bond company mortgage, Hamilton became the person primarily liable for the debt. This being true, complainant is, in equity, certainly entitled to be placed, under the allegations of the bill, in the bond company's shoes. —*Knighton v. Curry,* 62 Ala. 408; *Cullum v. Emanuel,* 1 Ala. 23, 24 Am. Dec. 757; *Fawcetts v. Kimmeny,* 33 Ala. 261; 4 Mayf. Dig. p. 870, subd. 19.

The decree of the court below was in accordance with the above views, and the decree of the court below is therefore affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.