# First Avenue Coal & Lumber Company v. King, *et al.*

*Bill to Determine Equities and Liens.*

(Decided May 13, 1915. Rehearing denied June 30, 1915.
69 South. 549.)

1. *Mortgages; Priority; Mechanics' Lien.*—Under Section 4755, Code 1907, the lien of a material-man on erection of a building on land is subordinate, as to the land, to a mortgage executed and recorded prior to the contract for the materials, but is superior to a mortgage on the land executed after the contract for the materials.

2. *Subrogation; Legal.*—One who advances money for the discharge of a prior lien, although without previous interest in the subject of the lien, is entitled to the benefit of "legal subrogation, which involves the idea of suretyship, where such course will best serve the substantial purpose of justice, and the true intent of the parties; equity will keep alive the prior lien as against strangers and third persons although it has been actually cancelled and satisfied of record, if it can be kept alive without injury to them.

3. *Quieting Title; Pleading; Decree.*—Where a bill does not go beyond the statute providing for the determination of claims to real estate, and for quieting title thereto, and does not disclose a case for relief under any general principles of equity jurisprudence, and there is no cross-bill, the court has power by decree to declare only the rights of the parties in accordance with the statute.

4. *Same; Offer to Do Equity; General Relief.*—An offer to do equity, and a prayer for general relief do not enlarge the scope of the bill under the statute to quiet title.

5. *Same.*—An offer to do equity is not necessary to a bill under the statute to quiet title.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Bill by First Avenue Coal & Lumber Company against S. J. King and others to determine priority of lien, and to quiet title. From a decree denying relief, complainants appeal. Affirmed.

HORACE C. WILKINSON, and HENRY UPSON SIMS, for appellant.

W. H. WOLVERTON, for appellee.

SAYRE, J.—On September 2, 1911, Stephen Bell executed and delivered to the Jefferson County Building & Loan Association a mortgage on a vacant lot owned by him in the city of Birmingham. This mortgage secured a loan of $600. This mortgage was forthwith placed upon record with the judge of probate. Four days later Bell bought on credit from appellant lumber and other material, which began from that date to be incorporated into a building then being erected on the lot, payable on December 23, 1911. On September 25, 1911, Bell made a mortgage to appellee on said lot for the sum of $700. This last mortgage covered also an adjoining lot owned by Bell. Of the sum secured by this last mortgage, $229.40—this being the amount, as we infer, due the building and loan association after crediting Bell with the then value of the stock he owned in the association—was on October 23, 1911, paid by appellee to the building and loan association in satisfaction of its mortgage, which was canceled and delivered to him. The balance was paid to Bell. On April 11, 1912, in due course, as prescribed by the statute made and provided for the benefit of mechanics and materialmen, appellant filed its declaration and claim of a lien on the lot and building to which its materials had gone. Afterwards this lien was foreclosed by a sale under judgment of the city court of Birmingham for the sum of $766.41. Appellant became the purchaser, received the sheriff's deed on December 26, 1912, and went into possession. February 17, 1913, appellant filed its bill against King and others to settle the title to the lot and clear up all doubts and disputes concerning the same, offering to do equity if it should appear that any of the defendants had a prior lien or interest. In his answer King set up his mortgage of

September, 25th, and in addition claimed a prior lien by subrogation to the right of the Jefferson County Building & Loan Association under its mortgage, to the extent he had contributed to its satisfaction out of the money secured by Bell's mortgage to him. Bell testifies that he got this money to pay off the mortgage to the building and loan association. King testifies that he expected to take a transfer of that mortgage. He did in fact request an assignment; but, upon the refusal of the building and loan association to assign, he paid its debt, receiving the canceled mortgage, as stated above. It is quite clear that, when King took his security, he was ignorant of the fact that appellant was entitled to a lien under the statute. King's claim of prior lien on the lot, not including, however, the building upon it, was allowed in the court below, and its decree to that effect is assigned for error.

(1) Appellant's lien on the lot upon which the building was erected and upon the building, dating from the commencement of work on the building, was superior to appellee's mortgage.

Appellant's interest and title in and to the lot was subordinate to the building and loan mortgage; but its lien on the lot and the building, dating from the commencement of work on the building, was superior to appellee's mortgage of the 25th of September.—Code, § 4755.

(2) It appears from the record that appellee King discharged the debt secured by the building and loan association mortgage with a just expectation that he would have a like security for his money. Legal subrogation—thus to distinguish it from conventional subrogation—involved the idea of suretyship, and hence the benefit of the doctrine is not extended to strangers;

but it is held that one who advances money for the discharge of a prior lien in the circumstances here shown, though without previous interest in the subject of the lien, is not a stranger, and to such an one the benefit of the doctrine will be extended, where that course will best serve the substantial purposes of justice and the true intention of the parties.—*Bigelow v. Scott*, 135 Ala. 236, 33 South. 546; *Scott v. Land Mortgage Co.*, 127 Ala. 161, 28 South. 709. Equity in such cases keeps alive the prior incumbrance as against strangers and third parties, even though it has been actually canceled and satisfied of record, where this can be done without injury to them.—*Fouche v. Swain*, 80 Ala. 151; Sheldon on Subr. § 57.

Appellant's lien, as we have said, was subordinate to the building and loan association mortgage. By the decree King has been subrogated to the rights of the building and loan association to the extent only of the money applied to the satisfaction of its prior mortgage. Thus the status quo ante of King's mortgage has been preserved, without disturbing the just rank of appellant's lien, and without diminishing its equitable interest in the property.

(3-5) Appellant contends that, in the event it be held that the lower court decreed correctly in subrogating King to the right of the building and loan association under its prior mortgage, still the decree was erroneous in failing to decree a marshaling of securities by ordering a separate sale of the two lots embraced in appellee King's mortgage and an application of the proceeds of the sale of the lot, subject only to his mortgage first to the payment of the debt secured by the building and loan mortgage. The decree went no further than to declare the rights of the parties as

above indicated. No doubt the learned judge in the court below would have decreed foreclosure and provided for marshaling securities to the end now suggested by appellant, had the pleadings been framed to invoke the jurisdiction of the court in that behalf. They were not so framed. The bill is nothing more than a bill under the statute to compel the determination of claims. It does not go beyond the statute in averment, nor does it disclose a case for relief under any general principle of equity jurisdiction. To a bill so framed the offer to do equity was unnecessary, and neither that offer nor the payer for general relief enlarged the scope of the bill.—*Sloss-Sheffield Co. v. University*, 130 Ala. 403, 30 South. 433. Nor was there a cross-bill. It results that the court below properly limited the decree to a declaration of the rights of the parties in accordance with the provision of the statute.—*East Birmingham Co. v. Birmingham Machine Co.*, 160 Ala. 461, 48 South. 448. If the parties will litigate, relief from the embarrassment of their present relations to the property must be sought in a cause where the pleadings shall be framed with a view to that end. The court has no authority to adjudicate matters outside the pleadings.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.

### ON REHEARING.

SAYRE, J.—In their statement of the evidence counsel have overlooked the testimony of Bell (page 96 of the transcript) to the effect that he got some money from appellee King—evidently a part of the money se-

cured by the mortgage to King—"to pay off" the mortgage to the Jefferson County Building & Loan Association. This evidence along with that stated in the brief is, in our opinion, quite sufficient to bring this case within the controlling influence of *Bigelow v Scott*, 135 Ala. 236, 33 South. 546, and cases in that line, with the authority of which we are not dissatisfied.

As for the suggestion that King's answer is insufficient to entitle him to the relief by way of subrogation, it is enough, we think, to say that he did not seek affirmative relief, nor was any relief decreed to him, except in the way of limiting the right and title claimed by appellant, complainant below. The limitation was suggested in the answer, and the evidence showed it was right. In the fact that the decree properly declared the state of complainant's title, without more, we find no reason for reversal. Within the proper bounds fixed by the evidence, the court did for complainant just what it was asked to do.

Application denied.