# Woodruff *v.* Satterfield, *et al.*

### Bill to Cancel Mortgage.

(Decided April 5, 1917. 74 South. 948.)

Subrogation; Junior Mortgagees.—As against claim of wife to cancellation of mortgage given by her and her husband on land jointly acquired by them, the mortgagee will be subrogated to rights under prior canceled purchase-money mortgage, paid off with proceeds of mortgage sought to be canceled.

APPEAL from Marshall Chancery Court.

Heard before Hon. JAMES E. HORTON, JR.

Bill by Lizzie B. Woodruff against J. R. Satterfield and others to cancel mortgage and so forth. Decree for respondents and complainant appeals. Affirmed.

[Woodruff v. Satterfield, et al.]

A. E. HAWKINS and LUSK & SON for appellant. D. ISBELL for appellee.

THOMAS, J.—In the instant case the bill is filed by the wife to cancel a mortgage on an undivided half interest of the wife, with the husband, in the lands described in the bill. It is clear from the pleadings and the proof that the husband and wife jointly acquired the estate by conveyance of date December 29, 1909, from E. W. Haynes and wife, the recited consideration of which was $950. A vendor's lien was retained in Haynes for the balance of the purchase money due by said Woodruffs, and he thereafter transferred to Hooper the mortgage evidencing the same. Thereafter this Haynes-Hooper vendor's lien mortgage was paid from the proceeds of the Satterfield mortgage, cancellation of which is sought. The release of Hooper, of the vendor's lien mortgage, recited the application on the part of W. C. Woodruff, the husband of complainant, for a loan, to be secured by mortgage on said lands, with the further statement that:

"Whereas, I, J. F. Hooper, have a lien on said lands as mortgagee; and whereas, said W. R. Nelson has succeeded in negotiating a loan of $650 for said W. C. Woodruff on his land with James Kenan: Now, therefore, in consideration of the payment of $600 to me, which I hereby acknowledge, I hereby release and discharge my said lien as mortgagee for $650 on said lands, and agree that W. R. Nelson may *also* have a prior lien thereon for his fee in the matter."

This release was of date February, 1910. Pursuant to an agreement of record of counsel, it was admitted that the mortgage in question, taken in Mr. James Kenan's name, was sent to Mr. Nelson, and that Mr. Kenan transferred it to Satterfield, as shown by transfer thereon, for a valuable consideration, he furnishing the amount for the loan and mortgage, that it belongs to him and not to Kenan, and that "Mr. Satterfield paid off the Hooper mortgage." Mr. Hooper, as a witness for Satterfield, testified that the husband of complainant made an application to the bank for a loan with which to pay Haynes, and, in discussing it, the bank agreed that, if he would execute to E. W. Haynes (meaning complainant's vendor of said land) a mortgage and note for $650, the bank or Hooper would purchase the same on due transfer thereof by said Haynes. This witness further stated that he prepared the mortgage given by complainant and husband to Haynes, and the transfer thereof to Hooper, and that

[Woodruff v. Satterfield, et al.]

the same was discharged by the payment to him (Hooper) and to Woodruff of the amount agreed on. It is further without conflict in the evidence that Hooper, on the payment of this Haynes mortgage from the proceeds of the Satterfield loan, did not transfer the same to any one; that he "did not cancel it on the record," and had "no recollection of ever authorizing any one to cancel it;" that there was correspondence on the part of Hooper with the attorney who negotiated the loan; and that the paper, of date February, 1910, a part of which is heretofore set out, releasing said Haynes' mortgage, was delivered to the agent through whom the Satterfield loan was negotiated.

It is clear that the money with which the Haynes-Hooper mortgage was discharged was supplied out of the proceeds of the mortgage sought to be canceled. It is well established in this state that a party paying off prior liens or mortgages on real estate is entitled, by subrogation, to the rights of such prior lienholder.—*Scott v. Land Mortgage, etc., Co.,* 127 Ala. 161, 28 South. 709; *Bigelow v. Scott,* 135 Ala. 236, 33 South. 546; *Faulk v. Calloway,* 123 Ala. 325, 26 South. 504; *Motes v. Robertson,* 133 Ala. 630, 32 South. 225; *Bolman v. Lohman,* 74 Ala. 507; *Chapman v. Abrahams,* 61 Ala. 108; *Marlowe v. Benagh,* 52 Ala. 112. In *First Avenue Coal & Lumber Co. v. King,* 193 Ala. 438, 441, 69 South. 549, it was held that one who advances money for the discharge of a prior lien, under circumstances analogous to those here involved, though without previous interest in the subject of the lien, is not a stranger, and that to such an one the benefit of the doctrine of subrogation will be extended, where that course will best serve the substantial purposes of justice and the true intention of the parties. In such cases equity will keep alive the prior incumbrance as against strangers and third parties, even though such incumbrance "has been actually canceled and satisfied of record, where this can be done without injury to them."—*Fouche v. Swain,* 80 Ala. 151; Sheudon on Sub. § 57; 3 Pom. Eq. Jur. §§ 1200, 1212; 24 Am. & Eng. Ency. Law (Est. Ed.) 2517.

Suretyship nor coveture is a defense against subrogated liens.—*Bogan v. Hamilton,* 90 Ala. 454, 8 South. 186; *Carver v. Eads,* 65 Ala. 190; *Pylant v. Reeves,* 53 Ala. 132, 25 Am. Rep. 605. The result is an affirmance of the decree of the chancellor.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.