Frank B. Bricken, of Luverne, and Weil, Stakely & Cater, of Montgomery, for appellant.

145 So. 156

### JEFFERSON STANDARD LIFE INS. CO. v. BRUNSON.

#### 4 Div. 668.

Supreme Court of Alabama.

Dec. 22, 1932.

Sentell & Sentell, of Luverne, for appellee.

GARDNER, J.

The appeal is from a decree sustaining the demurrer of defendant Lena Mae Brunson to the bill as last amended, which proceeds for relief upon the theory of the equitable doctrine of subrogation, and in support of which counsel cite Motes v. Robertson, 133 Ala. 630, 32 So. 225; Faulk v. Calloway, 123 Ala. 325, 26 So. 504; Allen v. Caylor, 120 Ala. 251, 24 So. 512, 74 Am. St. Rep. 31; Arnett v. Willoughby, 190 Ala. 530, 67 So. 426; Shields v. Pepper, 218 Ala. 379, 118 So. 549, and Woodruff v. Satterfield, 199 Ala. 477, 74 So. 948.

We are persuaded, however, that, upon consideration of the underlying principle of this doctrine, the amended bill's averments do not suffice for its application. At the time of the loan by complainant to the owner, Allen Byrd, there was outstanding a mortgage given to secure a loan of $2,700 to the Guaranty Savings & Loan Association, executed February 28, 1929, upon the entire block 4 of the Cody Supplement plat of the town of Luverne, and on February 3, 1930, the said owner executed to defendant Lena Mae Brunson a mortgage to secure the sum of $500 on only a portion of said block 4. Both of these mortgages were on record, and of which complainant had notice. The averments are to the effect that, at the time complainant made the loan of $2,600 to Byrd, it did so with the understanding on its part that the proceeds would be used to pay off the mortgage to the Guaranty Savings & Loan Association, and that Byrd represented he would, out of his own funds, satisfy or in some manner subordinate the Brunson mortgage to that of complainant, and that complainant's mortgage would constitute a first lien on the property. The mortgage of the Guaranty Association was satisfied and canceled of record, but the Brunson mortgage was not satisfied. Complainant therefore seeks to be subrogated to the Guaranty Association's mortgage, and then establish its priority over the Brunson mortgage. To award complainant relief would be to treat the mortgage to the Guaranty Association as in equity assigned to it, and considered therefore as an equitable assignee thereof. Faulk v. Calloway, supra; Whitson v. Metropolitan Life Ins. Co., 225 Ala. 262, 142 So. 564.

Subrogation is not a matter of strict right. It is of equitable origin, and dependent in its application upon the facts of each particular case. 25 R. C. L. p. 1323; 70 A. L. R. 1397, note. And, while no general rule may be laid down as applicable to all cases, yet, to justify its application, it must appear that the enforcement of the doctrine will not only best serve the substantial purposes of justice, but also the true intention of the parties. First Avenue Coal & Lumber Co. v. King, 193 Ala. 438, 69 So. 549; Woodruff v. Satterfield, 199 Ala. 477, 74 So. 948; Bigelow v. Scott, 135 Ala. 236, 33 So. 546; Shaddix v. National Surety Co., 221 Ala. 268, 128 So. 220; Sheldon on Subrogation, §§ 13, 19, 247, and 248; 60 Corpus Juris, 701. Nor can such an equitable doctrine be invoked to the injury of an innocent third person. Authorities, supra, and 25 R. C. L. 1314; 70 A. L. R. 1414, note; volume 8, Per. Supp. R. C. L. 5673; Sheldon on Subrogation, § 4; 60 Corpus Juris, 709, 710.

Recurring to the bill's averments, it appears that complainant did not take its mortgage on block 4 embraced in the Guaranty Association's mortgage, to which subrogation is here sought, but only on that portion of block 4 included in the Brunson mortgage, thus negativing any intention of the parties that complainant should be treated as an equitable assignee of the Guaranty Association mortgage. Recognizing this difficulty, the bill seeks to have the mortgage of the Guaranty Association "reinstated and declared a lien upon the property described in complainant's mortgage superior to the

lien of the said mortgage of the respondent Mrs. Lena Mae Brunson." But such relief would result in a manifest injustice to respondent Brunson, who, so far as here appears, was entirely without fault, as it would incumber her security with a debt of $2,600, which was originally secured by a mortgage on the entire block.

It takes no argument to disclose that under such a situation Mrs. Brunson, as the junior mortgagee to a part of block 4, would be seriously and adversely affected by the substitution as here sought. Fendley v. Smith, 217 Ala. 166, 115 So. 103. Any other consideration aside, we conclude that the reasons above stated justify the decree rendered, and it will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.