163 So. 640

**DUKE et al. v. KILPATRICK et al.**

7 Div. 319.

Supreme Court of Alabama.
Oct. 17, 1935.

W. T. Murphree, of Gadsden, for appellees.

———◆———

Julius S. Swann and McCord & McCord, all of Gadsden, for appellant.

GARDNER, Justice.

Complainants own by inheritance from their father, A. A. Kilpatrick, an one-half interest in the 40 acres of land here involved, the remaining half being owned by respondent Garvin E. Duke. This respondent seeks by cross-bill to be subrogated to two mortgages executed by A. A. Kilpatrick and Ola Kilpatrick, his wife, one to the Federal Land Bank and the second to one Lackey. The common source of title of cross-complainant and his vendor is J. K. Johnson, and it is this latter's right of subrogation that is here sought to be enforced. From a denial of this relief, cross-complainant prosecutes this appeal.

■ But we are not persuaded the facts present a case of subrogation by Johnson. It appears that Ola Kilpatrick owned one 40-acre tract in her own name, and only an undivided one-half interest in the other 40 acres here involved. A. A. Kilpatrick died, and Johnson then purchased from the widow, Ola Kilpatrick, the two forties. To the one he acquired fee-simple title, but to the other only the widow's half interest—the other half belonging to A. A. Kilpatrick's heirs, some of whom were minors. While Johnson seems to have been impressed he was acquiring the fee to the whole of the 40, yet it appears the deed delivered to him by the widow and which had been duly placed on record, disclosed upon its face that it was jointly owned by husband and wife. Of the state of the title and interest, he therefore had clear constructive notice, which must be held equivalent to actual notice. Goodyear v. Goodyear, 72 Iowa, 329, 33 N. W. 142.

The agreement of purchase is stated by Johnson as follows: "Mrs. Ola Kilpatrick came to me and told me that she had to sell the land, or that Mr. Lackey was going to sell it under his mortgage, that he had sent her word that he was going to sell it, so I bought the land and assumed tne Lackey mortgage and the Federal Land Bank mortgage and paid her the difference." The consideration was $1,900, of which $108 was in cash to Ola Kilpatrick, and the remainder was the sum due on the two mortgages, payment of which was assumed. These mortgages Johnson subsequently paid. But such payment gave him no right of subrogation.

■ When Johnson assumed and agreed to pay the mortgage indebtedness, he became, as between the parties, primarily liable for the same. Hamilton v. Robinson, 190 Ala. 549, 67 So. 434; Faulk v. Calloway, 123 Ala. 325, 26 So. 504, 506; People's Bank v. Jordan, 200 Ala. 500, 76 So. 442. As stated in section 46 of Sheldon on Subrogation: "A person cannot be subrogated to the benefit of an incumbrance which he has agreed to pay," which is but another method of expression of the principle that secondary liability for the debt is essential to the assertion of the right of subrogation. 60 Corpus Juris 712. Or, as otherwise stated by the Iowa court, such a purchaser in making the payment is but discharging his own obligation, and not entitled to take the place of any one. He made the debt his own, and stepped into his grantor's shoes. Goodyear v. Goodyear, 72 Iowa, 329, 33 N. W. 142; Bolton v. Lambert & Co., 72 Iowa, 483, 34 N. W. 294.

This court so recognized this principle in Faulk v. Calloway, supra, quoting with approval the following from 24 American and English Ency. of Law 1: "It is held that if the purchaser expressly assumes to pay the incumbrance he thereby becomes the principal debtor, primarily and absolutely liable for the debt, and may not be subrogated to the benefit of the incumbrance upon making payment according to his contract." To like effect, see 60 Corpus Juris 712, 713; 37 Cyc. 451.

■ Johnson, in paying these mortgages, acted under no compulsion (60 Corpus Juris 716, 717), but voluntarily assumed the debts and became primarily liable therefor. He therefore satisfied his own obligation, and is without the influence of the doctrine of subrogation. This remedy is not a matter of strict right, but of equitable origin, depending in its application upon the facts of each particular case. Nor is it an universal remedy for parties who have lost their money. 60 Corpus Juris 706. And to justify its application, it must appear the enforcement of the doctrine will not only best serve the substantial purposes of justice, but also the true intention of the parties. Jefferson Standard Life Ins. Co. v. Brunson, 226 Ala. 16, 145 So. 156; Ragland v. Board of Missions, 224 Ala. 325, 140 So. 435.

The authorities relied upon by cross-complainant (among them Hughes v. Howell, 152 Ala. 295, 44 So. 410; First Ave. Coal & Lumber Co. v. King, 193 Ala. 438, 69 So. 549; Arnett v. Willoughby, 190 Ala. 530, 67 So. 426; Bell v. Bell, 174 Ala. 446, 56 So. 926, 37 L. R. A. [N. S.] 1203; Motes v. Robertson, 133 Ala. 630, 632, 32 So. 225; Dothan Grocery Co. v. Dowling et al., 204 Ala. 224, 85 So. 498; Hamilton v. Robinson, 190 Ala. 549, 67 So. 434; Fidelity & Deposit Co. v. Richeson, 213 Ala. 461, 105 So. 193) have been carefully examined, but to differentiate them here would prolong this opinion to undue length, and serve no useful purpose. Suffice it to say they each present a very different state of facts from those of the instant case, and in no manner conflict with the conclusion reached.

Johnson may have acted, and doubtless did, under the honest, but erroneous belief he was obtaining a full interest. But the deed handed him and on record informed him otherwise, and if he suffers loss, it will be as a result of his own neglect.

There are authorities, applying equitable maxims, which would deny relief of subrogation to one who has been guilty of culpable negligence (60 Corpus Juris 707–709), but as the principle first above discussed is decisive of the case adversely to cross-complainant, no necessity arises for a consideration of this question, and it is left to one side.

The chancellor correctly ruled in denying the relief of subrogation, and his decree is accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.